LEMMON, Judge.
Theo Landos sued his employer, Homer Knost Construction Company, and its compensation insurer for benefits under the Workmen’s Compensation Act because of alleged total and permanent disability caused by traumatic neurosis resulting from an industrial injury. The trial judge held that Landos had not proved his claim by a preponderance of the evidence, and this appeal followed.
Landos was employed by Homer Knost as an ironworker at a construction site in St. Charles Parish. On August 22, 1967, when he and a co-employee lifted a 300 pound iron beam, Landos sustained the rupture of an emphysematous bleb, which caused a pneumothorax or collapsed lung. He was treated with chest tubes and a thoracic suction machine, but during the course of his treatment, he suffered several relapses' when his lung again collapsed. He eventually underwent surgery, which revealed that the bleb, or collection of fluid under the skin, had been located on the right lung. When the bleb ruptured, a large opening was left through which air was escaping. The opening was repaired, and after an uneventful postoperative course, Landos was discharged by the thoracic surgeon on December 18, 1967. The company’s insurer paid compensation benefits for the period from the date of the accident through the date of discharge and medical expenses incurred during that period in the amount of $5,544.75.
When Landos attempted to return to his regular occupation, he became fearful of the recurrence of the collapsed lung and anxious regarding his health and well being. He thus became guarded and re *226 strained in his activities and was unable to bring himself to perform many of the duties routinely required of an ironworker, such as climbing and heavy lifting. He continued to suffer symptoms of the collapsed lung, such as shortness of breath and tightness in the chest, although he was assured that another collapse had not occurred. He was particularly fearful of symptoms experienced on the left or undamaged side, and lived in constant dread of developing lung cancer.
He underwent testing at Ochsner Foundation Hospital for eight days, but although the test results revealed no physical infirmity, he continued to experience pain and other symptoms.
Because of this fear and anxiety, Landos consulted Dr. Alvin Cohen, a psychiatrist, who diagnosed a “severe anxiety reaction with depression precipitated by the pneumo-thorax and subsequent surgery”.
The psychiatric examinations consisted of verbal communication sessions in which the personal history and background of the patient was elicited. These sessions revealed that Landos, a 48 year old married man, had left school to work at age 11 and had over the past 30 years worked consistently at jobs requiring strenuous labor, first as a boiler-maker and then as an ironworker. His family life had some marital and financial problems, but substantial pressures had been exerted because his two children included a 28 year old son who had suffered from epilepsy since childhood and a 13 year old son who required special schooling because of brain damage sustained at age five.
Dr. Cohen had two consultations with Landos and one with his wife. He concluded that Landos basically was emotionally inadequate and thus incurred emotional difficulties in coping with stress, but that he had apparently managed to cope with his problems prior to the trauma. While the doctor conceded that he had not examined Landos prior to the accident and could not be certain that the diagnosed neurosis was trauma induced, he evaluated the traumatic event in terms of the impact on the individual and believed that the patient’s family and work life had been severely affected by the accident. Based on this evaluation and on his observation that Landos was sincere and honest in his complaints and fears, Dr. Cohen concluded that the trauma was the probable cause of the present depression and anxiety.
Dr. Kenneth A. Ritter, having also interviewed Landos twice, testified essentially that he was unable to confirm a diagnosis and was therefore unable to state whether or not Landos had a traumatic neurosis which resulted from the accident. He did not observe any objective evidence of anxiety or depression, but agreed that Lan-dos was sincere and honest in his responses and genuine in his complaints. He did express the opinion that the patient, because of his educational background and social and economic status, fell into the class of people who are more prone to develop a traumatic neurosis.
We find no substantial contradictions in the testimony of the two doctors, one diagnosing a traumatic neurosis and the other being unable to confirm a diagnosis. Both testified that it was very possible for a patient suffering from a neurosis to give varying impressions in different sessions. We believe that Dr. Ritter’s testimony did not detract from Dr. Cohen’s diagnosis, which therefore stands without substantial repudiation.
The principal issue in this case then is whether the testimony of Dr. Cohen and of the claimant is sufficient as a matter of law to meet the required burden of proof. As in other civil cases, the plaintiff in a compensation case based on traumatic neurosis must establish his claim by a reasonable preponderance of the evidence.
A neurosis is an emotional illness which basically represents a response or adaptation to stress. The illness is characterized by the development of anxiety which affects the whole personality.
*227 In this case certain stresses may have existed prior to the accident, but Landos had daily and routinely performed the strenuous duties of his occupation and had coped with his personal and family problems. After the accident he consistently complained of chest pains and was constantly fearful of lung cancer and another collapsed lung, even though doctors in whom he had complete trust assured him that his fears were baseless. He experienced symptoms of unexplained origin, but the same doctors believed that the complaints were genuine. In addition to worrying constantly about himself, he became irritable in his home life and difficult in his personal relations.
In his psychiatric sessions he reacted exactly opposite to a malingerer, who deliberately and consciously simulates injury or illness to achieve a desired end. Both doctors agreed that a malingerer was easy to detect and that Landos did not fall into this category.
We are also impressed that Landos was willing to work and at the time of trial was driving from New Orleans to Houma daily to perform work as a welder. Although he felt that he was no longer able to do heavy work, he consistently sought and obtained welding work, which is one of the few jobs consistent with his skill and education which do not require heavy lifting.
We are cognizant of the grave dangers involved in the judicial determination of a traumatic neurosis claim. Proof of the neurosis must be viewed with caution and carefully scrutinized to avoid allowing recovery on unjustified claims. On the other hand, an emotionally based disability is just as real and as troubling to a victim as is a physical disability. We believe that the testimony in this case established that Landos was predisposed to a neurosis and that the emotional illness had its onset following the physical trauma, without which the neurosis presumably would not have occurred. His history of hard work and consistent employment before the accident, the seriousness of the trauma, his willingness to submit to extensive medical testing and his cooperation in this regard, his change in personality, and the doctors’ acceptance of-his complaints as genuine and sincere — all of these considerations lead us to believe that to dismiss this suit would be to den^r recovery to a deserving claimant.
The convincing testimony by only one psychiatrist is sufficient to prove traumatic neurosis, if that opinion is not contradicted and is supported by corroborating evidence. See O’Neal v. French Unique Laundry & Cleaners, 149 So.2d 431 (La. App. 3 Cir. 1963), writs refused 244 La. 211, 151 So.2d 689 (1963), where other medical specialists testified that plaintiff was not malingering, and Deboest v. Travelers Insurance Company, 138 So.2d 646 (La.App. 3 Cir. 1962), where the diagnosis was corroborated by substantial lay testimony. This is not a case where the claimant’s credibility is lacking, as in Smith v. Wiley Wood Construction Co., 247 So.2d 904 (La.App. 4 Cir. 1971) and Cain v. Travelers Insurance Company, 244 So.2d 619 (La.App. 4 Cir. 1971), writ refused 258 La. 558, 246 So.2d 862 (1971), or where the psychiatric testimony is not convincing, as in Elliott v. Insurance Company of North America, 159 So.2d 313 (La.App. 2 Cir. 1963), writs refused 245 La. 812, 161 So.2d 281 (1964), or where other evidence casts serious doubt on the correctness of the diagnosis of work-related neurotic disability.
As to the extent of the disability, Dr. Cohen never specifically stated that Landos was permanently disabled. He only expressed the opinion that this patient was not suitable for psychotherapy, but might benefit from tranquilizers and drugs administered by his family physician. We therefore believe that it is proper to award benefits for temporary total disability, for a period not to exceed 300 weeks.
Accordingly, the judgment of the district court is reversed, and judgment is rendered in favor of Theo Landos and against Homer Knost Construction Company and *228 Argonaut Insurance Company, awarding disability benefits under R.S. 23:1221(1) during the period of disability not beyond 300 weeks, and necessary medical expenses. All costs are assessed to defendants-appellees.
Reversed and rendered.