GULOTTA, Judge
(dissenting).
I respectfully dissent. The uncontro-verted medical testimony is that plaintiff is suffering from a “conversion reaction”. Dr. Jack K. Wickstrom, in his deposition, stated, “I mean the conversion reaction, which is as real to him as if he had an axe in his back.” Dr. Wickstrom’s examination revealed “freedom of organic disease”. Significantly, Dr. Wickstrom further indicated that he did not feel that Richards was a malingerer and related the conversion reaction to the October 25, 1965 incident.
Dr. Raoul Rodriguez corroborated Dr. Wickstrom’s opinion that he did not think plaintiff was a malingerer.
According to Richards, the manual labor jobs attempted by him subsequent to the accident were carried out in pain. Plaintiff indicated that he worked in pain while employed at a packing company, working a canning machine, the operation of which required one to assume a standing position. A co-employee stated that because of Richards’ fear of suffering pain, plaintiff was unable to do any lifting of trash bags in connection with his janitorial duties.
Dr. Lindsey A. Graham, psychiatrist, testified that plaintiff was suffering from a conversion reaction. When asked whether plaintiff’s condition would prevent him from performing heavy manual labor, the doctor testified:
“Q If your findings were correct, would this prevent him from performing heavy, manuel [sic] labor?
A I already answered that.
Q Would you answer it again ?
A If he became very motivated, he could over come the pain, even if he would feel it.
Q He would have to be motivated?
A It would be possible to do this heavy, manuel [sic] work but the fear that something is wrong with his back and getting injured some more and doing some more damage to it, that is why some people aren’t able to do that sort of a thing.
Q And, then, would this make him stop this heavy labor ?
A Of course.
Q Mr. Richards related to you that this pain was severe enough to prevent him from performing heavy, manuel [sic] labor.
A Right.
Q Was that a real complaint, medically?
A In my opinion, yes.
Q Was that as real as if you were an orthopedic surgeon and found him to have a ruptured disc ?
A Yes, in my opinion.”
I am well aware of the established principle that in psychiatric disability cases, the evidence should be scrutinized with extreme care. See Miller v. United States Fidelity and Guaranty Company, 99 So.2d 511 (La.App. 2d Cir. 1957); Cain v. Trav elers Insurance Company, 244 So.2d 619 (La.App. 4th Cir. 1971), writ refused, 258 La. 558, 246 So.2d 862 (1971). However, uncontroverted psychiatric testimony has been held to be sufficient to support a claim based on psychiatric disability. See Lanclos v. Homer Knost Construction Company, 258 So.2d 224 (La.App. 4th Cir. 1972), writs refused, 261 La. 467, 259 So. 2d 915 (1972) and 261 La. 469, 259 So.2d 916 (1972).; Muse v. Sentry Insurance Company, 269 So.2d 609 (La.App. 3d Cir. 1972), writ refused, 263 La. 981, 270 So.2d 120 (1972).