REGAN, Judge.
Plaintiff, Joe Ball, a common laborer, instituted this suit against the defendant, American Marine Corporation,[1] endeavoring to recover maximum workmen’s compensation for a back injury incurred in the course and scope of his employment which, he alleged, has totally and permanently disabled him. Plaintiff has further requested the imposition of statutory penalties and attorney’s fees.
The defendant answered and denied that the plaintiff’s injuries resulted from an industrial accident. In the alternative, it asserted that medical treatment was provided and compensation paid until he had fully recovered from his injury and he was, therefore, capable of' resuming his former occupation.
From a judgment awarding plaintiff $25 per week for a period of 100 weeks for *866 partial loss of a physical function, subject to a credit for 31 weeks of compensation previously paid, or an award of $25 per week for 69 weeks, the plaintiff has prosecuted this appeal. The defendant has answered the appeal, and reiterates therein that the plaintiff has failed to prove the occurrence of an industrial accident.
The record reveals that the plaintiff was employed as a common laborer for several years in the defendant’s shipyard and his work, among other things, consisted of lifting heavy wood blocks. In the course of this employment he incurred two back injuries, the first in May of 1960, from which he recovered, and the second on January 18, 1961. On this latter date, plaintiff related that his back was re-injured while he was lifting a Í2" x 12" x 4' block with a coworker, and it is this injury which forms the subject matter of this litigation.
Several days after the accident, the defendant sent plaintiff to Dr. Robinson, who after a preliminary examination, referred him to Dr. George Berkett, a specialist in orthopedic surgery. Dr. Berkett decided that the plaintiff had suffered a ruptured intervertebral disc. He, in turn, then referred him to Dr. Howard Karr, who, on February 27, 1961, surgically removed the disc.
Dr. Berkett examined plaintiff on many occasions between the months of March and August of 1961, and found that the condition of his back had progressively improved during this time. Finally, on August 17, 1961, Dr. Berkett suggested that he return to work on a trial basis. .
Plaintiff testified that he return to his former occupation for a period of two weeks as Dr. Berkett had suggested, but he was unable to work without pain and he finally quit as a result thereof.
In this court, the defendant again insists that the plaintiff has failed to prove that his injury was caused by an industrial accident; however, the record discloses evidence which preponderates to' the effect that he incurred a ruptured disc as the consequence of an injury which occurred in the course of his work. Therefore, the only question posed for our consideration is whether the plaintiff was totally and permanently disabled as a result thereof, and for the answer thereto, we are relegated, as usual, to the testimony of the medical experts.
The plaintiff, in support of his contention offered the testimony of Dr. Jose Garcia Oiler, a neurological surgeon, who examined plaintiff once, and that was on October 23, 1961, approximately ten months after the occurrence of the accident. He reasoned that the laminectomy performed by Dr. Karr relieved the nerve pressure caused by the ruptured disc, but did not relieve the low back pain. He expressed the opinion that the plaintiff is incapable of engaging in prolonged activity involving heavy manual labor without experiencing low back pain. In conclusion he said that it would be necessary for the plaintiff to undergo surgery in order to create a spinal fusion at a point between the fourth and fifth lumbar interspace before he would be capable of resuming his former occupation.
It is of significance that when Dr. Garcia Oiler examined the plaintiff, he did not order X-rays to confirm or support his diagnosis, nor did he review the X-rays and reports of the treating physicians. We are forced to conclude that he did not review the other medical findings since his report does not reveal that this was done, and his testimony creates the inference that he relied entirely on the history of the case given to him by the plaintiff.
His conclusion relating to plaintiff’s total disability is diametrically opposed to the medical opinions of Dr. Berkett and Dr. Karr, both of whom acted in the capacity of treating physicians.
To reiterate, for the purpose of emphasis, Dr. Berkett examined the plaintiff on numerous occasions between February and August of 1961 and was of the opinion that he had fully recovered from his injury *867 and was therefore able to resume work as a laborer. It will be recalled that Dr. Burkett recommended to the plaintiff that he return to work for two weeks on a trial basis in August, and thereafter when plaintiff insisted that he could not work without experiencing pain, Dr. Berkett, on September 18, 1961, re-examined him, and as a result thereof discharged the patient as cured.
While Dr. Berkett was of the opinion that the plaintiff was fully capable of resuming work as a common laborer, he did point out that as a result of the ruptured disc and the laminectomy performed to correct it, plaintiff lost ten percent of the function of his body as a whole.
Dr. Karr, who performed the laminec-tomy, examined plaintiff several times after the operation, and he also expressed the opinion that the plaintiff was able to resume his former occupation as of August 16, 1961. He stated that he saw no necessity for a spinal fusion, which, of course, contradicts Dr. Garcia Oiler’s opinion.
Predicated on the foregoing medical evidence, the trial judge concluded that the plaintiff was not totally and permanently disabled and he, therefore, predicated his award of compensation on that section of the act which outlines, among other things, the amount that an injured workman is entitled to receive for the loss of a physical function. The pertinent part of which reads :[2]
“ * * * (p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
We are of the opinion that the record abundantly substantiates the trial judge’s conclusion that the plaintiff is not totally and permanently disabled, but that he did incur the partial loss of a physical function as a consequence of his injury. The jurisprudence amply supports this result.[3]
Counsel for the defendant finally contends that the trial court in rendering its judgment did not allow his client a proper credit for payments made to the plaintiff. He asserts that the judgment awarded the plaintiff $25 per week for a period of 100 weeks, subject to a credit for compensation paid for a 31 week period. Counsel points out that the credit must be calculated on a dollar per dollar basis and not a week for week basis. In effect, he insists that the defendant should be given credit for an additional $10 per week for a period of 31 weeks, since defendant during this period did in fact pay plaintiff $35 per week.
His position is fully supported by virtue of the rationale of Miller v. General Chemical Division,[4] wherein the organ for the court stated:
“ * * * Moreover, the jurisprudence of this state is established to the effect that when compensation has been paid for temporary total disability prior to allowance for a specific loss there must be deducted therefrom (on a dollar for dollar basis rather than a week for week basis) all compensation previously paid as well as such credit as the employer may be entitled to for wages paid in lieu of compensation. * * * ”
Turning our attention to plaintiff’s prayer for penalties and attorney’s fees, we are of the opinion that the record does not *868 establish that defendant acted in an arbitrary or capricious manner in stopping compensation payments when plaintiff was discharged as able to return to work; therefore, the trial court properly rejected this demand.
For the reasons assigned, the judgment appealed from is amended so as to increase the credit allowed to the defendant from $25 per week for a period of 31 weeks to $35 per week for a period of 31 weeks, or by an additional $310; in all other respects the judgment appealed from is affirmed.
Amended and affirmed.

. Originally United States P. & I. Agency was named defendant, on the mistaken allegation that it was the employer’s compensation insurer. When plaintiff learned of his error, he dismissed his suit against this insurer.

. L.S.A.-R.S. 23:1221(4) (p).

. Coffey v. Transport Insurance Company, La.App., 138 So.2d 158; Griffin v. Liberty Mutual Insurance Company, La.App., 131 So.2d 153.

.La.App., 128 So.2d 39.