204 So.2d 699 (1967)
Isiah HAMMOND
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. 2797.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
*700 Burton G. Klein, New Orleans, for plaintiff-appellee.
George Piazza, New Orleans, for defendant-appellant.
Before SAMUEL, HALL and BARNETTE, JJ.
BARNETTE, Judge.
This case is before us on defendant's appeal from a judgment awarding plaintiff compensation under the provisions of LSA-R.S. 23:1221(4) (p).
Counsel stipulated at trial that plaintiff had been employed by the defendant on or before November 25, 1964. On that date plaintiff was injured during the course and scope of his employment. Defendant admitted liability under the Workmen's Compensation Act and in fact paid compensation in the amount of $2,154.32 at the rate of $35 per week for 61.56 weeks. In addition defendant paid to plaintiff the sum of $1,775.59 representing sick leave pay, during the period that compensation was paid. Defendant also expended the sum of $1,641.19 for medical and hospital expenses.
The record clearly indicates that on or about November 25, 1964, plaintiff, while in the employ of the defendant, injured his back by attempting to lift a manhole casing. Plaintiff was examined by the defendant's physicians and on February 24, 1965, an *701 operation was performed to remove a portion of a ruptured intervertebral disc from his back. In January, 1966, after a long period of convalescence, he was again examined by defendant's physicians. They declared him able to return to work with only a 10-percent residual anatomical impairment to his back.
Defendant paid the compensation and additional sick leave benefits in the stipulated amount from November, 1964, until February 24, 1966, at which time all payments were discontinued. Plaintiff then brought this suit to recover compensation at the rate of $35 per week for a total of 400 weeks, less credit for the amount previously paid. In addition he asked for a penalty of 12 percent of all compensation due and an attorney's fee of $2,000.
Plaintiff alleged that he had suffered a total permanent disability and was no longer able to do work of any reasonable character, and was entitled to maximum total compensation benefits under the Workmen's Compensation Act. He alleged that defendant's actions in refusing to pay total compensation for 400 weeks were arbitrary and capricious.
The trial judge awarded plaintiff recovery under LSA-R.S. 23:1221(4) (p) in the amount of $25 per week for 100 weeks, subject to a credit for the compensation paid not to exceed $35 per week.
Defendant Sewerage and Water Board brings this appeal from that judgment. It alleges that plaintiff's residual impairment was so slight that it did not fall under LSA-R.S. 23:1221(4) (p) which calls for compensation in cases where the usefulness of a physical function is seriously permanently impaired.
Plaintiff did not appeal nor answer defendant's appeal, but he did attempt to allege in his brief that his award should be increased to cover a period of 300 weeks for partial disability resulting from the impairment of the physical function of his back. Since he did not appeal from the judgment which rejected his demands for additional compensation on account of either permanent total or partial disability, nor answer the appeal, the judgment denying him compensation for partial disability under the provisions of LSA-R.S. 23:1221 (3) is final. Therefore we cannot consider any claim for additional compensation except under LSA-R.S. 23:1221(4) (p).
We must state at this point that there seems to be some misunderstanding on the part of both parties as to the full import of the trial judge's decision. For this reason we feel compelled to quote the judgment verbatim:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of ISIAH HAMMOND, Plaintiff herein, and against the Sewerage & Water Board of New Orleans, defendant herein, for compensation at the rate of Twenty-five ($25.00) Dollars per week for one hundred weeks under R.S. 23:-1221 sub section 4 (P), subject to a credit of the compensation paid not to exceed Thirty-five ($35.00) Dollars per week, with legal interest from the date of maturity of each weekly payment until paid; and, for expert fees in the amount of One Hundred ($100.00) Dollars, and for all costs."
It is obvious from an examination of this decree, that while the trial judge awarded plaintiff $25 per week for 100 weeks, or $2,500, he found that this sum was subject to a credit of $2,154.32, which represents compensation previously paid. Thus his judgment, in effect, awarded the plaintiff the sum of $345.68, over and above the sum previously paid.
Defendant, both in his brief and in his oral argument, labored under the mistaken impression that the judgment awarded plaintiff $2,500 over and above the compensation previously paid, and not subject to a credit for it. Apparently the plaintiff shared this mistake as he did not appeal from the judgment, which, while in his favor, in effect awarded him little more than *702 he had received previously from the defendant.
In any event we find that the judgment is correct and under the facts is perfectly in keeping with the statutes and the jurisprudence.
There was some dispute between the medical witnesses who testified during the trial of this matter. Three physicians testified for the defendant, and they were all in agreement that plaintiff was able to return to his prior occupation as a common laborer. All three did however find that plaintiff suffered a 10-percent residual impairment to his back as a result of the accident and surgery but diagnosed the impairment as anatomical rather than functional. They testified that he would not be hampered in any way by this impairment in performing his duties, which included work as a ditchdigger.
One physician testified for the plaintiff. He examined plaintiff on only one occasion and was also of the opinion that he had a permanent residual impairment of approximately 10 percent. This physician, however, believed that the impairment would interfere with plaintiff's ability to return to his occupation as a ditchdigger. He did state that he could go back to heavy, common labor but the specific activity involved in digging ditches and lifting sewer covers would be hampered by plaintiff's back impairment and would cause him to suffer acute pain.
The trial judge apparently rejected this expert's opinion as to the inability of the plaintiff to return to his previous occupation. As we have noted previously, this issue is not now before us on appeal, therefore, we will not attempt to review the decision of the trial judge regarding it.
We must therefore agree with him that while plaintiff did suffer a permanent impairment to his back as a result of his accident and corrective surgery, this impairment is not in the nature of a disability which would interfere with plaintiff's performance of his prior occupation.
A strikingly similar case was presented to this court in Ball v. American Marine Corporation, 150 So.2d 865 (La.App. 4th Cir. 1963), and affirmed by the Supreme Court at 245 La. 515, 159 So.2d 138. There, as here, a common laborer endeavored to recover maximum benefits for a back injury. He underwent a laminectomy and was paid full compensation for 31 weeks during convalescence. At the end of this time several physicians testified that he was fully capable of returning to his work as a common laborer though he had lost 10 percent of the function of his body as a whole. The trial judge applied the provisions of LSA-R.S. 23:1221(4) (p) and awarded the laborer $25 for 100 weeks subject to credit for compensation previously paid. We could not have a case more on "all fours" with the one we are deciding here. The factual situation is exactly the same and the judgment is the same even to the amount awarded.
We must agree with the decision in the Ball case that this situation is one which properly calls for the application of the provisions of LSA-R.S. 23:1221(4) (p).
Where the usefulness of a physical function is "seriously permanently impaired," but not to the extent of disabling the worker from continuing his employment, clearly the statute applies.
Here Hammond has suffered a 10-percent impairment to his lower back. The defendant's physicians attempt to distinguish between an anatomical and functional disability, but nevertheless concede that plaintiff has suffered a permanent limitation to the use of his back though not to an extent to prevent his return to work as a common laborer. Certainly this falls within the clear meaning of the statute.
We have noted that the portion of the judgment which credits the defendant with the amount of compensation previously paid has caused some confusion between the *703 parties. Clearly the trial judge was correct in so framing the award. LSA-R.S. 23:1223 states:
"Where compensation has been paid under subdivisions (1), (2), or (3), of R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under subdivision (4) thereof or under Sub-part C of this Part."
Thus in this case, as the defendant had voluntarily paid compensation for plaintiff's total temporary disability under the provisions of LSA-R.S. 23:1221(1), then this amount should be deducted from the award under LSA-R.S. 23:1221(4) (p).
Further this amount should be credited on a dollar for dollar and not a week for week basis. Miller v. General Chemical Division, 128 So.2d 39 (La.App. 1st Cir. 1961).
Defendant on appeal has asked that the money paid to the plaintiff as a part of the defendant's sick leave system also be credited against the amount awarded under LSA-R.S. 23:1221(4) (p). With this we must disagree. This money was not given as a gratuity in lieu of compensation, as admitted by defendant's counsel in his oral argument before this court. This court has decided in France v. City of New Orleans, 92 So.2d 473 (La.App. Orleans 1957), that payment under a sick leave system will not be credited against a compensation award. Sick leave payments are benefits which the employee has already earned by virtue of past services rendered to his employer.
Although plaintiff did not take this appeal and the issue is not before us, we feel compelled to mention that the trial judge was correct in not awarding plaintiff statutory penalties and attorney's fees as plaintiff had requested in his suit. The record does not show that defendant acted in an arbitrary or capricious manner in stopping compensation payments when plaintiff was discharged as able to return to work.
For the foregoing reasons the judgment appealed from, awarding plaintiff $25 a week for 100 weeks subject to compensation previously paid, is affirmed, at appellant's cost.
Affirmed.