SAVOY, Judge.
This proceeding is one for total and permanent workmen’s compensation benefits instituted by the plaintiff for a knee injury he received on December 14, 1961, while working as a roustabout for the defendant, Ashy Construction Company. The main issue involves the extent of plaintiff’s resulting disability.
After a trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $35.00 per week for 100 weeks, less a credit for compensation previously paid in the amount of $1,060.00. The trial court further - decreed that the defendant was to pay all medical expenses in connection with the treatment of the plaintiff, including the balance due Dr. R. E. Lan-dreneau of $495.00, and the balance due Walter Schmid, Jr., physiotherapist, in the amount of $276.00.
Plaintiff has appealed from the judgment contending that he is entitled to permanent and total compensation benefits in the amount of $14,000.00, being the maximum payment allowed under the Act. Plaintiff further contends that the lower court erred in refusing him penalties and attorney fees under LSA-R.S. 23:1201 for the defendant’s failure to make payment of compensation benefits to plaintiff arbitrarily and capriciously. On the other hand, the defendant has answered the appeal contending that the judgment should be reduced to $10.00 per week for the 100 weeks under LSA-R.S. 23:1221(4) (p), and that the same amount has been paid. Defendant also contends that the trial court erred in allowing the fees and services of Dr. Landreneau and of Walter Schmid, the physiotherapist, and that their bills should be disallowed as unnecessary and in preparation for trial rather than for adequate medical treatment beneficial to the knee injury.
After careful consideration of the evidence presented in the trial court, and also after examining the depositions taken *912 in the case, we cannot say the trial judge erred in allowing compensation benefits at the rate of $35.00 per week for 100 weeks. There was ample evidence to support the judgment below. The trial court refused to allow plaintiff penalties and attorney fees under LSA-R.S. 23:1201, and with this conclusion we also agree. Proof must be presented that the employer acted arbitrarily or capriciously before penalties and attorney fees arise. Here the operating physician felt that although plaintiff had a 10% resulting disability, he still could and should go back to work.
As to defendant’s contention that under LSA-R.S. 23:1221(4) (p) the plaintiff could only recover the minimum of $10.00 per week for 100 weeks, we must disagree. Assuming that the trial court awarded the compensation (the trial judge did not assign written reasons) under this section, under the case of Golden v. Starns-McConnell Lumber Corporation (La.App., 1 Cir., 1965), 172 So.2d 78, writ refused, although the court must award compensation for a period of 100 weeks, the amount of such compensation is entirely in the discretion of the court.
Defendant’s last argument on the appeal must likewise fall since it surely cannot be seriously contended that Dr. Landreneau and Mr. Schmid (the physiotherapist) did not render services to the plaintiff, and that their only examinations were for purposes of trial. Dr. Landreneau examined plaintiff numerous times ' and tried to do all that was possible to alleviate the pain that plaintiff suffered, even the' administration of numerous shots for relief of pain. Mr. Schmid also saw plaintiff numerous times and administered electrical, water and physical treatments to plaintiff trying to build up plaintiff’s left knee to a useful degree.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.