HOOD, Judge.
Alvin R. Cormier instituted this workmen’s compensation suit to recover benefits for total and permanent disability. Defendants are Zigler Shipyards and its insurer, Continental Insurance Company. The trial judge awarded plaintiff $12.50 per week for 100 weeks, subject to a credit for compensation benefits previously paid. Plaintiff has appealed.
Cormier does not contend that he is totally and permanently disabled. His sole argument on this appeal is that he is entitled to have the award increased to $45.00 per week for 100 weeks.
Plaintiff sustained a back injury consisting of a ruptured intervertebral disc while working as a welder for Zigler Shipyards on March 13, 1969. The herniated disc was removed by surgery on May 15, and he returned to his regular employment as a welder for Zigler Shipyards in September, 1969. He has continued to perform those duties since that time.
The defendant insurer paid workmen’s compensation benefits to plaintiff for almost 26 weeks, amounting to the aggregate sum of $1150.68. In addition thereto the *237 insurer paid plaintiff $1602.08 as medical expenses.
The neurosurgeon who removed the herniated disc feels that plaintiff has recovered completely from his injury, with no residual disability. An orthopaedic surgeon who examined plaintiff after he returned to work feels that Cormier has a “15 percent residual disability, due to removal of the herniated disc,” but he does not feel that this back condition disables plaintiff from performing his regular duties as a welder.
The trial judge obviously found that the usefulness of the physical function of plaintiff’s back has been permanently impaired to the extent of 15 percent, but that the condition of his back does not disable plaintiff from performing any of the duties of his former employment.
The workmen’s compensation law provides that where the usefulness of a physical function is seriously permanently impaired, “the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per cen-tum of wages during one hundred weeks.” LSA-R.S. 23:1221(4) (p).
The court is vested with some discretion in fixing the amount of compensation to be awarded for the impairment of a physical function under the cited statute, but the award must be reasonable, and it must be in proportion to awards of compensation for specific losses. Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3 Cir. 1969).
Plaintiff testified that he has returned to work “like usual,” and that since that time he has performed exactly the same kind of work he was doing before the accident occurred. He has missed only one day of work from the time he returned to his employment in September, 1969, until the case was tried about 20 months later, on May 17, 1971. He stated, however, that since the accident occurred he has experienced some difficulty in lifting heavy objects, that it has been necessary for him to keep his back straight and to use his legs rather than his back in doing that lifting, and that he cannot twist his body from side to side.
We think the evidence supports the finding of the trial judge that the usefulness of the physical function of plaintiff’s back has been impaired to the extent of 15 percent, but that despite that impairment plaintiff is able to perform all of the duties of his former employment. We find no merit to plaintiff’s argument that he suffers substantial pain while working. The amount of the award made to plaintiff, however, is lower than that which has been made in similar cases, and we believe that it should be increased to the sum of $25.00 per week for 100 weeks. Hammond v. Sewerage and Water Board of New Orleans, 204 So.2d 699 (La.App. 4 Cir. 1967); Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1964); Griffin v. Liberty Mutual Insurance Company, 131 So.2d 153 (La.App. 2 Cir. 1961).
For the reasons herein assigned, the judgment appealed from is amended by increasing the award made to plaintiff to the sum of $25.00 per week for 100 weeks, subject to a credit of $1150.68 in previously paid compensation. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellees.
Amended and affirmed.