277 So.2d 732 (1973)
Guy SEREAN
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
No. 5513.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1973.
Rehearing Denied June 5, 1973.
*733 McBride & Tonry, Richard A. Tonry, Chalmette, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Kaiser Aluminum & Chemical Corporation ("Kaiser") appeals the judgment of *734 the district court awarding total and permanent workmen's compensation benefits to plaintiff, Guy Serean. The appellant challenges the sufficiency of plaintiff's proof of the accident, of its occurrence within the course and scope of Serean's employment, and of any significant disabling injury.
Plaintiff began his employment with Kaiser in 1951. After approximately a 10-year excellent work record, he suffered a job-related back injury necessitating a laminectomy of a herniated intervertebral disc. This procedure was performed by Dr. Richard Levy, a neurosurgeon, on October of 1961. After an uneventful recovery, plaintiff returned to work on February 28, 1962.
Shortly thereafter the employer changed plaintiff's job from that of a section man to that of a toolroom attendant (at a lesser rate of pay) because of the allegedly lighter duties involved. Mr. Serean maintains that his new assignment, involving the movement of items ranging from 10 to 150 pounds and the operation of an impact bolt re-threading machine, is not only more strenuous that his former duties, but also affords less respite.
During the next nine years the plaintiff apparently worked in varying degrees of pain, requiring frequent visits to the company's first aid station for medication and the loss of several days of work per month. He consulted Dr. Levy once and Dr. G. Gernon Brown on four occasions relative to his back condition.
At approximately 6:15 a. m., on January 11, 1971, the plaintiff drove his car into the employer's parking lot to report for the 7 a. m. work shift. While alighting from his automobile he stepped on a soft drink bottle causing him to lose his balance and reinjure his back. According to Serean, he immediately notified the security guard of the accident and reported to the first aid station for medical attention, but remained at work that day until the end of his shift at 3 p. m.
After missing the next four work days, plaintiff consistently worked until the mid-summer of 1971 when he was briefly incapacitated by an ulcer condition eventually resulting in surgery in November of the same year. At the time of trial, Mr. Serean had not yet returned to work.
The appellant's contention that the employee failed to carry the burden of proof necessary to establish the occurrence of the accident is without merit. Mr. Serean testified in detail as to its cause. His wife corroborated that he informed her of the accident on the day of its occurrence and that he received medication from the employer's first aid station. Additionally she stated that her husband was unable to straighten his back and that it was necessary he be confined to bed.
No countervailing evidence on this point having been presented by the defendant, we find this issue falls within the holding of Matte v. Power Rig Drilling Company, 260 So.2d 19 (La.App.3d Cir. 1972), wherein the court stated at page 21:
"The employee must establish an accident by a preponderance of the evidence, i. e. by evidence which as a whole shows it to be more probable than not that an accident occurred at work. In making this determination great weight is attached to the trial court's evaluation of the credibility of witnesses. [Citations omitted.]
"The testimony of plaintiff alone may prove the disabling accident where there are corroborating circumstances. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App.3 Cir. 1967) [and Guilbeaux v. Trinity Universal Insurance Company, 134 So.2d 717 (La.App.3d Cir. 1961)]."
On this factual issue we find no manifest error in the trial court's determination that the plaintiff did establish that an accident occurred.
Whether this accident in the employer's parking lot before the commencement *735 of a workshift falls within the course and scope of plaintiff's employment is clearly answered by the Supreme Court in Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259, 261 (1966):
"* * * [I]t has long been well settled, not only here but in practically all states which have enacted Workmen's Compensation statutes, that such statutes envision extension of coverage to employees from the time they reach the employer's premises until they depart therefrom and that hours of service include a period when this might be accomplished within a reasonable interval. * * *"
This ruling is particularly applicable to Serean, whose employer did not voice any objections to plaintiff's customary early arrival for work over a 10-year period. See Gorings v. Edwards, 222 So.2d 530 (La. App.4th Cir. 1969).
In view of the foregoing determination we must now consider the issue of plaintiff's injury and resultant disability. Appellee contends that the accident aggravated his preexisting back injury, resulting in such increased pain that he is unable to perform his normal and customary duties as a toolroom attendant. Opposed to the foregoing, appellant submits that if any disability does exist it is the natural and progressive residual effect of the prior back injury and corrective surgery of 1961, free of any subsequent intervening trauma.
The only lay testimony adduced in support of plaintiff's injury and disability was that of the employee himself, his wife, and his son-in-law, Alcide Hernandez. The gist of plaintiff's testimony was that after he injured his back on January 11, 1971, he continued to work rather regularly, though in pain, until the summer of 1971. At that time he was absent for a short period because of an ulcer condition, which in November of 1971 necessitated abdominal surgery.
The testimony of Mrs. Serean and Mr. Hernandez is limited to corroborating that the plaintiff often complains of pain causing him to frequently miss work, and that he can no longer perform his customary household chores.
Though the plaintiff testified that the injury of January 11, 1971, caused an increase in the intensity of his back pain, and as a result he is unable to perform his duties as a toolroom attendant, his work record does not sustain this positionat least to the extent of the incapacitating severity of the pain. With the exception of a brief period in the summer, he consistently worked at his regular job from January through November, at which time he was hospitalized for the unrelated stomach condition. It should also be noted that during this same period Mr. Serean served as a part-time deputy sheriff on squad car duty from midnight to 5 a. m. daily.
While this court has previously indicated that a workman is not required to work in substantial pain (Ory v. Metal Building Products Co., 265 So.2d 338 [1972]), we recognize that oftentimes an employee will work in otherwise disabling pain for pressing economic reasons. However, in view of the plaintiff's failure to advance any financial necessity for doing so, we find it difficult to reconcile his complaints of disabling pain with his "moonlighting" from midnight to 5 a. m. during this period. We find such activity to be inconsistent with the testimony of his wife and his son-in-law regarding his frequent complaints and inability to perform simple household duties. Furthermore, the record is devoid of any testimony that Mr. Serean had been relieved of any of his duties as a toolroom attendant because of any disabling back pain arising after January 11, 1971.
A review of the medical testimony of Dr. Eugene Dabezies, plaintiff's expert orthopedist, reflects that he saw the plaintiff on three occasions up to the date of trial, his first contact being on April 7, 1971, some three months after the accident. That initial examination revealed tightness *736 of the lumbar paraspinous musculature but no sustained contraction; diminished sensory condition of the left lateral calf; and radiating pain in the thigh and knee. Based upon these findings Dr. Dabazies diagnosed Mr. Serean's condition as low back pain and left sciatica due to a laminectomy aggravated by recent trauma. He gave a disability rating of 20 to 25 percent of the whole body and concluded that Mr. Serean could not perform heavy labor.
Dr. Dabazies next saw Mr. Serean on June 26, 1971, but deferred treatment because of plaintiff's active ulcer condition.
Shortly before trial, on February 14, 1972, Dr. Dabezies' third examination revealed the plaintiff to be asymptomatic except for the insignificant hyperesthesia of the lateral left calf, but the doctor concluded his back impairment remained the same.
While Dr. Dabezies acknowledged that his findings and impairment rating may be compatible with an injury that occurred 10 years prior to his examination without the intervention of subsequent trauma, he did not assign this as the exclusive basis for appellant's present back condition.
The sum and substance of the expert neurological and orthopedic evidence advanced by the defendant is that neither physician disputed Mr. Serean's complaint of pain; however, they could find no objective cause for this pain. Each of them had the occasion to examine the plaintiff at least once between the date of the injury of 1961 and the accident of January 11, 1971. Both of them unequivocally stated that a comparison of X rays taken before and after the 1971 incident revealed no physiological change in the plaintiff's back except a continuing degenerative process. Each of these physicians was of the opinion that the pain experienced by Mr. Serean is a specific residual effect of the accident of 1961.
In view of the evidence presented we are constrained to conclude that the trial court erred in finding that appellee carried the burden of proof necessary to establish that the accident of January 11, 1971, rendered him totally and permanently disabled.
Unquestionably the more decisive factors influencing our opinion were the facts that Mr. Serean consistently performed his customary duties during the period in which he maintained he was suffering incapacitating pain and that he ceased his employment with Kaiser owing to the ulcer and not because of his impaired back.
While the plaintiff has not proven any disability as contemplated by the statute, i. e. total or partial disability of either temporary or permanent duration, nevertheless we are convinced the record evidences that the accident of January 11, 1971, caused exacerbation of Mr. Serean's previous back injury. It is clear he now suffers increased intermittent back pain and that the exacerbated condition of his back has left the plaintiff with a 20- to 25-percent permanent impairment of his whole body, as evaluated by Dr. Dabezies). Based upon this impairment, and under the authority vested in this court by LSA-C.C.P. art. 2164, we find Mr. Serean is entitled to workmen's compensation under LSA-R.S. 23:1221(4) (p), which provides as follows:
"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."
Our jurisprudence is replete with applications of Section 1221 (4) (p) to facts similar to those of the instant case. Most closely analogous is Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App.3d Cir. *737 1969). See also this court's opinion in Hammond v. Sewerage and Water Board of New Orleans, 204 So.2d 699 (1967), and the more recent cases of Cormier v. Zigler Shipyards, 264 So.2d 236 (La.App.3d Cir. 1972), and Starkey v. Louisiana Hatcheries, Inc., 262 So.2d 165 (La.App.1st Cir. 1972).
In applying Section 1221 (4) (p) to the instant case, we observe that while his pain may not be substantial enough to keep Mr. Serean from working or from competing in the competitive labor market, all three examining physicians unequivocally stated they believed Mr. Serean's complaints of pain to be genuine. Additionally, Dr. Dabezies specifically found a 20- to 25-percent impairment of the whole body which we infer to be founded on a substantially greater impairment of the back function alone. As reiterated in the Ventress case, supra, the sound discretion of the court and not the stated medical percent of disability controls the amount of compensation to be awarded for impairment of a function under Section 1221 (4)(p). Accordingly we conclude that Mr. Serean is entitled to compensation at the rate of 65 percent of his wages (stipulated at statutory maximum of $49 per week) for 100 weeks.
For the reasons above assigned, that part of the judgment awarding plaintiff total and permanent disability compensation at the rate of $49 per week beginning on January 11, 1971, and continuing for the duration of the disability not to exceed 500 weeks is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of Guy Serean and against the defendant, Kaiser Aluminum & Chemical Corporation, for compensation for the impairment of the use of a physical function at the rate of $49 per week beginning on January 11, 1971, and continuing for 100 weeks, with interest at the rate of 7 percent per annum on each past due installment from its due date until paid.
In all other respects the judgment appealed from is affirmed. All costs of this appeal are to be borne by appellant.
Amended in part; affirmed in part; and as amended recast.