MORIAL, Judge.
This is a workmen’s compensation suit by Stephen P. Amedee against The Phoenix of Hartford Insurance Companies, insurer of plaintiff’s former employer, T. Lanaux & Sons Contracting Company. The trial court found that plaintiff suffered a loss of ankle use of 20% and awarded him compensation pursuant to LSA-R.S. 23:1221(4) (p) in the amount of $35.00 per week for 100 weeks, subject to a credit for compensation previously paid.
Defendant contends that the trial court erred in finding that the plaintiff was entitled to an award based on a loss of ankle use of 20% because he “worked in pain.” Plaintiff argues that he is totally and permanently disabled because of pain and discomfort.
Plaintiff and defendant stipulated that plaintiff’s injury came within the purview of LSA-R.S. 23:1021 et seq.
Three physicians examined Mr. Amedee in connection with the injuries he sustained to his left ankle when he fell on June 3, 1968: Dr. Roland Waguespack testified at the trial; Drs. Joseph L. Powell and G. Gernon Brown were deposed and their depositions are a part of the record.
Dr. Joseph L. Powell, an orthopedic surgeon, saw plaintiff shortly after the accident at St. Joseph’s Hospital in Thibodaux. On June 11, 1968, he performed open reduction surgery and repaired a fracture of Amedee’s left ankle by internal fixation of the medial malleolus with a screw and saw plaintiff eleven times thereafter. During his last examination he noted that the ankle had healed satisfactorily although Mr. Amedee complained of pain in the ankle when he climbed or stooped. Dr. *409 Powell notified the defendant that Mr. Amedee was discharged to return to work on November 18, 1968.
Based on this last examination, which took place four years before his deposition, Dr. Powell said plaintiff had suffered a ten percent disability of his left ankle. This disability was due primarily to pain. Dr. Powell noted that, if the plaintiff was still complaining of pain, he would upon examination expect to find signs of traumatic arthritis.
Dr. G. Gernon Brown, an orthopedic surgeon, examined Mr. Amedee on August 19, 1969; February 10, 1971 and January 4, 1973.
During the 1969 examination, at which time Mr. Amedee was employed as a carpenter for Vacherie Lumber Company, Dr. Brown found Mr. Amedee fully rehabilitated and in need of no further treatment. There was no tenderness in Mr. Amedee’s left ankle and plaintiff did not complain of pain. He found that plaintiff had recovered from the 1968 operation, but noticed some incongruity at the ankle joint.
At the February 1971 examination, Mr. Amedee complained of some discomfort in his ankle. He told Dr. Brown he was still working as a carpenter. No evidence of traumatic arthritis was revealed in X-rays of the ankle taken at that time. The incongruity noticed during the 1969 examination was still present and Dr. Brown held it a foregone conclusion that traumatic arthritis would develop.
On January 4, 1973, two weeks before his deposition, Dr. Brown again examined the plaintiff. Mr. Amedee still complained of pain in his left ankle, and X-rays taken at this examination showed no change from the earlier X-rays taken at Dr. Brown’s request.
Dr. Brown opined that Mr. Amedee had twenty percent disability of the left ankle. He was of the opinion that Mr. Amedee could return to carpentry although he still experienced some discomfort in his left ankle.
•Dr. Roland Waguespack, a general practitioner who examined the plaintiff in September 1971 and in September 1972 testified that at his first examination he observed that the plaintiff walked with a slight limp. X-rays taken at that time showed a well healed surgical scar; Mr. Amedee had full range of motion in his ankle, and he complained of some pain. Dr. Waguespack found the presence of some arthritis of the ankle joint and stated that any pain experienced so many years after the injury would have to be associated with the onset of arthritis.
Dr. Alvin J. Vignes, a surgeon, testified he had treated plaintiff since 1950. He had never examined Mr. Amedee’s ankle and his testimony is of limited evidentiary value.
Mr. Amedee testified that his ankle had been hurting him constantly since the 1968 accident. He further testified that he worked on and off for Vacherie Lumber Company as a carpenter from 1968 until sometime in 1971 when he injured his shoulder; that while employed at Vacherie his ankle would hurt when he worked though he did not climb.
Mr. Amedee further testified, that he was employed as a janitor because when he sought reemployment at Vacherie Lumber after the 1971 accident his job had been taken. Although he found the work as a janitor easier his ankle bothered him when he worked too hard or walked too much.
Mrs. Louis Amedee, plaintiff’s mother, testified that her son often complained of pain and soaked his foot and took aspirin to relieve the pain.
In his reasons for judgment the trial judge concluded that the medical testimony of the development of arthritis was too speculative to establish the existence of such trauma. He found, however, that the medical testimony was conclusive that Mr. *410 Amedee worked in pain when he resumed work; that he would continue to work in pain, if he returned to work as a carpenter, but the pain was not such as to prevent him from working as a carpenter. The trial court found that plaintiff suffered a twenty percent loss of use of the ankle and made an award of compensation under LSA-R.S. 23:1221(4) (p).[1]
On the basis of the record the plaintiff has not proved any disability as contemplated by the statute, i. e., total or partial disability of either temporary or permanent duration. The medical testimony does not support plaintiff’s claim that because of pain and discomfort his ability to compete with his fellow workers has been substantially altered. Nevertheless, we are convinced that the record evidences a twenty percent impairment of the plaintiff’s left ankle. Mr. Amedee’s impairment is within the purview of LSA-R.S. 23:1221(4) (p). Serean v. Kaiser Aluminum & Chemical Corp., 277 So.2d 732 (La.App.4th Cir. 1973) and cases cited.
In applying LSA-R.S. 23:1221(4) (p) the court is vested with discretion in fixing an award and the stated medical percent of disability does not control the amount of compensation to be awarded for impairment of a function. Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3rd Cir. 1969). Accordingly, we conclude that the trial court did not err in making the award of compensation it did under Section 23 :1221(4) (p).
Plaintiff suggests the trial court erred in disallowing attorney fees and penalties. Our law is settled that in the absence of a showing that the insurer acted capriciously, arbitrarily or without probable cause in refusing to pay compensation, such demands will be disallowed. No showing of such conduct by the defendant has been made. Guillory v. Travelers Insurance Co., 282 So.2d 600 (La.App.3d Cir. 1973).
For the above reasons assigned the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
Affirmed.

. “ * * * (4) In the following cases the compensation shall be as follows: * * * “(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five percentum of wages during one hundred weeks.”