PAVY, Judge.
Plaintiff appealed from a judgment awarding him 100 weeks workmen’s compensation benefits and seeks an award for total and permanent disability plus penalties and attorney fees. Defendant has answered the appeal seeking to eliminate any award whatsoever.
The claimant was 50 years of age, educated through high school and had worked all his life as a clerk or inside salesman in *425 retailing of building materials. After working as such a salesman for several years with the defendant-employer, he was made warehouse manager. This was about three months prior to his injury.
On January 20, 1970, a forklift truck crushed him against a stack of sheetrock. He sustained compressing injuries to his torso and was hospitalized for ten days, and paid workmen’s compensation benefits for about six weeks. At about that time (March 9) he returned to employment with his former employer. However, he did not resume the duties of warehouse manager but was put to work as an over-the-counter salesman at practically the same salary. It was understood that he was suffering from a hernia and would not be required to lift heavy objects. He continued this work until August 16, 1971, when he underwent a hernia operation. This suit was filed March 1, 1971, and tried October IS, 1971. The note of evidence was left open to take a deposition of Dr. Lewis Merrell. This doctor was unavailable for some time and his deposition was not taken until January, 1975. The judgment herein was rendered in July, 1975.
Dr. William Zink was plaintiff’s main treating physician and performed the hernia operation in August, 1971. He diagnosed plaintiff’s condition originally as a compression injury to the chest and abdomen with pneumonitis. Because plaintiff had been rendered unconscious by the injury he referred him to Dr. Robert Rivet, a neurologist. This doctor examined plaintiff in February, 1970, and found no neurological deficits or any objective basis for any neurological complaints. He noted plaintiff had complaints of pain in the calf region of his left leg where the arm of the forklift truck had hit him.
Plaintiff had complained of unusual sensations in the left leg and foot. Because of this Dr. Zink had him evaluated by Dr. John Jackson, an orthopaedist, in June, 1970. This doctor found no abnormalities other than the foot sensation which he attributed to a stretching of the nerve roots by the injury. He expected this condition to remain symptomatic for some months and expressed no opinion as to disability but recommended activity.
In April, 1970, plaintiff consulted Dr. Edgar Breaux, a surgeon who determined that plaintiff had a recurrent left inguinal hernia. It appears that plaintiff had a bilateral hernia operation in 1966.
Dr. Fred Webre, an orthopaedist, examined plaintiff in March and May of 1970. He found some limitation of motion but no serious impairment and thought plaintiff would be symptomatic for some time but considered him able to resume work.
In September, 1971, plaintiff was examined by Dr. Warren Levy, a neurological surgeon. He found no neurological basis for plaintiff’s complaints of odd sensations in the foot or pain in the hip and leg regions.
In July, 1970, plaintiff was examined by Dr. Lewis Merrell, then an orthopaedic resident at the VA hospital in Alexandria. X-ray reports at that institution showed fractures of three lumbar vertebrae with lateral wedging and the presence of Schmorl’s nodes. The significance of this latter was never explained. None of the x-rays taken by the various other specialists revealed these findings. Dr. Merrell thought plaintiff had reached a plateau of recovery but would not express an opinion as to his disability and limited his testimony to his physical findings.
Plaintiff offered testimony of several co-employees. They all testified that he did not or could not lift heavy objects after his return to work. Plaintiff’s complaints of pain and guarded movements were confirmed to some extent by these lay witnesses, but overall the testimony as to any disability other than from the hernia is not impressive. There was ample evidence that he was unable to lift heavy *426 objects, and it is apparent that this was the result of his hernia condition.
Dr. Zink expressed considerable doubt as to whether plaintiffs complaints (other than the hernia) such as hip-leg pain and the odd sensations in the foot were sufficiently intense to disable plaintiff. The doctor was uncertain as to whether the hernia plaintiff developed (it first appeared definitely two or three months after the accident) was attributable to the accident. However, from the operation he was able to definitely conclude that the hernia was attributable to the accident. In the operation, he repaired a portion of the old hernia near the pubic bone which had been injured in the accident. He expressed the opinion that plaintiff would recover completely from the hernia operation and allotted three months for such full recovery. Thus it appeared that plaintiff would have been able to return to full duty as a warehouseman including heavy lifting around mid-November of 1971, approximately a month after the trial.
The trial judge awarded plaintiff 100 weeks’ compensation at $49 per week, his compensation rate. It was not stated whether this was for loss of a physical function under the provisions of R.S. 23:1221 (4) (p) or for temporary disability.
We conclude that the evidence does not preponderate that plaintiff’s condition (other than the hernia) was disabling. This conclusion is based on the fairly constant and definite opinions of the various experts and the absence of lay testimony sufficiently strong to overcome that expertise. However, we think plaintiff’s hernia prevented him from lifting heavy objects and engaging in loading and unloading.
Much argument centered around the question of whether plaintiff’s job as warehouseman entailed loading and unloading (lifting heavy objects) to such an extent that his inability to do so disabled him within the meaning of the law. A subsidiary issue under this disability problem would be whether the warehouseman’s job and the postaccident employment were “reasonably similar” as that language is understood in the jurisprudence. We do not deem it necessary to resolve these issues because the judgment of the district court must be upheld regardless of how wc might view the matter.
If the hernia was not disabling, that is, the lifting was not an integral part of the warehouseman’s job or there was not sufficient dissimilarity between the two employments, still plaintiff’s other nondis-abling conditions such as the hip and leg pain and the foot numbness would justify an award for permanent impairment of a physical function under the provisions of R.S. 12:1221 (4) (p). See Ball v. American Marine Corporation, 150 So.2d 865 (La.App. 4th Cir. 1963) and Hammond v. Sewerage & Water Board of New Orleans, 204 So.2d 699 (La.App. 1967 4th Cir.). The amount of such an award is largely within the court’s discretion and will not be modified by us. See Courville v. Ashy Const. Co., 207 So.2d 910 (La.App. 3rd Cir. 1968) and Serean v. Kaiser Aluminum & Chem. Corp., 277 So.2d 732 (La.App.4th Cir. 1973).
If the hernia was disabling, then, under the record made up at trial, it was temporary. According to Dr. Zink, plaintiff would have been able to return to full duty in mid-November of 1971. This would have been roughly one month short of the 100 weeks allowed by the judgment herein. Under the provisions of R.S. 23:1222, allowing an award for probable duration of temporary disability, the trial judge was well within his discretion in making the 100-week allowance.
We do not think the penalty and attorney fees should be imposed in this case. Defendant had a reasonable basis for its argument regarding disability.
*427 It appears that, at the conclusion of the trial, the note of evidence was left open for the taking of Dr. Merrell’s deposition. It was over three years before this doctor became available. In that time, plaintiff's counsel took his client’s deposition and the deposition of Dr. Edward LeBlanc. This testimony is strongly indicative of’ a recurrence of the hernia involved in the operation of August, 1971. The depositions were physically filed in the record but never formally introduced in evidence. An attempt by rule was made to have these introduced but was never heard by the trial judge. Plaintiff argues that we should consider this additional evidence and defendant objects to same on the ground that the evidence was not taken as part of the trial and is not actually before us. Ordinarily, we might be inclined to overlook defendant’s technical objection and attempt to use all available evidence if such would be possible without prejudice to either party. But the possible issues attendant a claim for hernia recurrence subsequent to trial require that we restrict our adjudication to the record as made up on trial plus the agree-to deposition of Dr. Merrell. It is noted that the 1968 amendment adding paragraph q under subsection 4 of R.S. 23:1221 provides that such a recurrence is to be considered a separate hernia. See Owens v. Liberty Mutual Insurance Co., 307 So.2d 313 (1975 S.Ct.La.). It is evident that there are several possible issues involved in a hernia-recurrent claim which may not be properly presented under the evidence and cannot be correctly resolved by us on the record as made up. To attempt to adjudicate on the additional evidence would be proceeding riskily and might prejudice one of the litigants. Therefore ws do not consider the depositions of plaintiff and Dr. LeBlanc and adjudicate on the record without that evidence.
For reasons assigned the judgment of the district court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.