REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his suit for workmen’s compensation benefits for total and permanent disability. We affirm the rejection of that *383 demand but award compensation for permanent impairment of function.
Heavy tires fell on plaintiff’s neck, causing injury requiring a C-5, 6 laminecto-my which has left plaintiff with a disability estimated by the physicians at 10 to 15% of the body as a whole but which does not disable him from doing heavy labor. An occipital neuritis (in the C-2 region) causes pain in the left rear portion of plaintiff’s scalp, but the pain is evaluated by the physicians as non-disabling. Plaintiff also presented a psychiatrist who diagnosed a depression reaction from the injury which disables plaintiff from working: but defendants presented a psychiatrist who concluded that plaintiff had no depression or other psychiatric illness.
The record thus supports the trial judge’s conclusion that plaintiff did not bear the burden of proving that he is permanently and totally disabled, either physically or mentally.
The evidence does establish, however, a permanent impairment of the function of plaintiff’s back from the laminectomy. This serious impairment is compensable by benefits during 100 weeks under R.S. 23:1221(4)(p); Hammond v. Sewerage & Water Bd. of N. O., La.App. 4 Cir. 1967, 204 So.2d 699. The amount of the weekly benefits is to be reasonable and in proportion to the specific schedule of benefits; id. Courts have awarded $25 for 10% to 15% disability resulting from loss of back function since 1961, Griffin v. Liberty Mut. Ins. Co., La.App. 2 Cir. 1961, 131 So.2d 153.[1] Since 1961, the maximum weekly benefit under R.S. 23:1202 has risen from $35 to $49 as of the date of this accident (and to much higher levels since). In 1975, an award of $30 weekly for loss of two upper front teeth was upheld in Jenkins v. Orieans Parish Sch. Bd., La.1975, 310 So.2d 831. We conclude that our plaintiff, with a 10 to 15% loss of physical function to the body as a whole (including an occipital neuritis which had continued over 100 weeks as of the time of trial), should have an award of $37.50 weekly for 100 weeks, subject to credit for the compensation already paid.
Accordingly, while we affirm the refusal of benefits for total and permanent disability, we reverse the complete rejection of plaintiff’s demand and there is judgment for plaintiff against defendants for benefits of $37.50 for 100 weeks from June 27, 1972, with credit for $2,479.40 previously paid, with legal interest on the unpaid installments from due date until paid, and all costs.

. Accord, Ball v. American Marine Corp., La.App. 4 Cir. 1963, 150 So.2d 865, aff’d 245 La. 515, 159 So.2d 138 (10% of body); Hammond, supra (10% of back); Cormier v. Zigler Shipyards, La.App. 3 Cir. 1972, 264 So.2d 236 (15% of back); obiter dictum in Coffey v. Transport Ins. Co., La.App. 4 Cir. 1962, 138 So.2d 158, cert. denied (10 to 15% of back).