GOTHARD, Judge.
The plaintiff, Robert Campbell, appeals from the dismissal of his suit to recover additional workers’ compensation benefits and other relief from his employer. On September 13, 1982, Campbell was injured at his work as a warehouseman. He was paid compensation during disability for five weeks, until discharged by his attending physician as able to return to work.
*1140 The chief issues of this appeal concern whether there is any compensable residual disability or non-disabling residual by way of a permanent impairment of physical function.
The facts are as follows: Campbell sustained a smashing type injury to his left ankle where the fibula meets the lateral malleolus. (This is the area of the ankle joint.)
Campbell underwent treatment for five weeks at the Ochsner Clinic Occupational Medical Department and was discharged to return to work. His attending physician, Dr. Velma Campbell, noted that he still complained of ankle pain after he stood up for a long time, but that he could return to work with minimum discomfort. She instructed him to apply ice to his ankle if it was painful after work, wear an ace wrap, and continue to take his anti-inflammatory medication. Campbell had been working for the defendant, BIC, a food supply warehouse, loading trucks full time at an attested $5.25 per hour. After his discharge, Campbell immediately returned to work but was told that he was fired because he had sought employment elsewhere while on disability leave, which Campbell admitted to doing, though not while on disability leave. Within two weeks Campbell was employed at Security Van Lines loading trucks, though only part-time, because of ankle pain. He voluntarily left Security some two months later and took a job as a laborer at New Orleans Aviation working full time for an attested monthly salary of $750, and he has consistently worked there ever since.
Campbell complains of recurrent ankle pain, which does not, however, prevent him from performing the duties of his employment. He likewise feels unable to work without frequent rest periods for his ankle, although he does feel able to perform the operation of a tow truck, cleaning, lawn mowing, and other duties of a laborer.
Following his discharge by Dr. Campbell at Ochsner, Campbell saw no other physician until he returned there on June 17, 1983 after he was instructed by his present employer to be re-evaluated because of continued intermittent ankle pain which occasionally kept him from working. The doctor’s testimony shows that Campbell does have a permanent residual 30% to 40% deficit in the work capacity of the left ankle, on eversion and inversion, as a residual of the work-accident on September 13, 1982 (partially aggravated by a pre-existing chip fracture to the same ankle joint). As a result of Campbell’s attorney’s filing a petition for further disability compensation, Campbell’s former employer, the defendant, had him evaluated by Dr. Walter Brent, an orthopedist in Luling, Louisiana on December 14, 1983. After examination of Campbell’s ankle, Dr. Brent concluded that there were no objective findings to substantiate Campbell’s subjective complaints of discomfort. We note that Dr. Brent concluded this on the basis of a single office visit, whereas, Dr. Campbell’s conclusion that there had been damage to Campbell’s ankle was based on her treatment of him for some two years, the consistency of Campbell’s localized complaints, and the results of the Cybex evaluation performed on Campbell on July 18, 1983. Accordingly, we find Dr. Campbell’s conclusion more credible. The Cybex evaluation measures motor function and strength in terms of deficits in function from voluntary relaxation as compared to muscle exertion.
Dr. Campbell explained the medical implication of Campbell’s Cybex evaluation in terms of his work capacity: that while Campbell’s left ankle can perform normally with normal strength on a single evaluation in the physician’s office, that within the work parameters he does have a 30% to 40% deficit in his ability to sustain activity with the ankle with the result of fatigue and pain in the ankle after strenuous use. Dr. Campbell felt no surprise at the findings of the Cybex evaluation, or that Campbell had a recurrent pain problem with the damaged ankle. Regardless, Dr. Campbell felt that wearing an ace wrap on his ankle and eliminating unnecessary walking or climbing would enable Campbell to perform the regular work duties of his employment without severe pain, but that by the end of the day his ankle would ache and he would *1141 need to rest, apply ice, and at times take anti-inflammatory medication. For this reason, she recommended physical rehabilitative therapy to prevent muscle atrophy, reinjury, and to help him deal with whatever discomfort he has, especially as she found Campbell to have an extremely low tolerance to pain. She also advised that if his pain ever increases, that he should see a physical specialist, a doctor who deals with musculoskeletal abnormalities.
The claimant’s attorney argues that he is entitled to compensation for permanent total or partial disability, or, alternatively, permanent loss of a physical function which he here urges for the first time on appeal. For the following reasons, we affirm the trial court’s determination that the claimant is not entitled to compensation for disability under LSA-R.S. 23:1221(2), or (3);[1] but we reverse its denial of any com-pensable injury and conclude that the claimant is entitled to the schedule of benefits applicable to persons experiencing a serious permanent impairment of physical function. LSA-R.S. 23:1221(4)(p).
a. Total Disability[2]
An employee may be entitled to compensation for total disability if unable to perform the ordinary duties of his occupation without substantial pain, or without substantial susceptibility to re-injury, or if his ability to compete for employment in the general labor market has been substantially decreased by the accident residual. LSA-R.S. 23:1221(2); Johnson v. Ins. of N. America, 454 So.2d 1113 (La.1984); Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3 Cir.1969). See also Malone, Louisiana Workers’ Compensation Law, Sections 272, 274, 275, 277, 278, 286 (1980).
In the present case, the claimant is not advised against performing labor because of any substantial susceptibility to reinjury. The medical and lay evidence does indicate recurrent discomfort, but not of a substantial enough nature to be considered disabling, nor to put the claimant at a competitive disadvantage in the common labor market. (See, Miller v. Pan American World Airways, Inc., 480 So.2d 477 (La.App. 5 Cir.1985) writ denied, 482 So.2d 629.) Therefore, the claimant is not entitled to recover benefits for total disability. Ventress, supra.
b. Partial Disability[3]
LSA-R.S. 23:1221(3) provides that, for partial disability an injured employee is entitled to receive compensation based upon the difference between wages paid at the time of injury and wages which the injured employee is able to earn thereafter. Mott v. Wal-Mart Stores, Inc., 486 So.2d 112 (La.1986).
A worker is “partially disabled” when he cannot perform the duties required by his former employment, but can still do other work, or would experience substantial pain when working in his former occupation, but could perform other work without experiencing such pain. Caldwell v. Exxon Corporation, 320 So.2d *1142 319 (La.App. 4 Cir.1975). Here, the claimant’s present work duties are similar to those he has performed in the past. Campbell testified to formerly working as a utility boy, service agent, gasman (washing and servicing vehicles) truck driver, and warehouseman. Both Campbell and his present supervisor testified that since employment with New Orleans Aviation, Campbell has missed only one and one-half days because of ankle pain, though he does often complain that his ankle hurts. As stated, Campbell’s treating physician does not advise against Campbell performing his regular work duties. Because no impairment or reduction of earning capacity is shown by this record, we must reject the claim for partial disability. Mott v. Wal-Mart Stores, Inc., supra.
c. Permanent impairment of physical function[4]
While we do not find that Campbell suffered a disability from the work-accident on September 13, 1982, we do find that the preponderance of medical and lay evidence establishes a permanent residual impairment of ankle function, which recurrently produces significant pain and soreness upon extended exertion, and which will do so for the remainder of the plaintiff's life. The medical evidence shows a 30% to 40% permanent deficit of the ankle, on eversion and inversion, in the work environment with a result of a continuation of intermittent pain, not substantial enough to be disabling but significant enough to produce real ache and soreness after a full day’s work. This type of residual arising from permanent impairment of function entitles a claimant to compensation under LSA-R.S. 23:1221(4)(p), in the schedule providing for compensation for a nondisabling permanent impairment. The cited statutory provision authorizes the court to allow reasonable compensation for a residual “where the usefulness of a physical function is seriously permanently impaired.”
Under this statutory provision, in circumstances similar to the present, compensation was allowed for loss of ankle use of 20% because the claimant worked in pain. Amedee v. Phoenix of Hartford Insurance Companies, 291 So.2d 407 (La.App. 4 Cir. 1974). The permanent ankle soreness of the present case is no less compensable than the cited case.
Although compensation for a non-disabling residual by way of a permanent impairment of physical function was not sought before the trial court, where only an award for disability is claimed, nevertheless the appellate court should allow compensation for proven nondisabling permanent impairment, if disability is not proven. Ventress, supra.
On the basis of this record, we conclude that the trial judge was clearly wrong in finding that Campbell did not prove any compensable injury by a preponderance of the evidence, Arceneaux v. Domingue, 365 So.2d 1330 (La.1975). Rather we find that Campbell met his burden to show that he has a nondisabling residual by way of a permanent impairment of physical function and is entitled to compensation benefits in accordance with LSA-R.S. 23:1221(4)(p). As the trial court found no compensable injury, it did not reach the issue of the amount of compensation to which Campbell is entitled. We therefore consider it more appropriate to remand the case to that court for it to determine the amount of Campbell’s recovery under the appropriate provisions.
Claimant’s attorney in connection with the compensation claim petitioned for costs, attorneys’ fees and penalties alleging that the defendant failed to timely make discovery, arbitrarily withheld benefits or *1143 medical care, and wrongfully discharged the claimant for asserting a compensation claim.
On the question of due diligence in making discovery, the plaintiff’s failure to first apply to the court below for such expenses (incurred in the filing of a rule to compel discovery) prevents our appellate review of this issue. LSA-C.C.P. art. 1469.
On the questions of arbitrarily withheld benefits, medical care, and wrongful discharge which were presented to but not passed on by the trial court, (perhaps due to its dismissal of Campbell’s compensation claim) we decline to treat the issues involved, rather we remand to the trial court for a merits determination on each claim. Lutz v. Jefferson Parish School Bd., 503 So.2d 106 (La.App. 5 Cir.1987).
Accordingly, for the reasons assigned in this opinion, we reject all demands of claimant for compensation benefits except for section 1221(4)(p) benefits. The judgment of the trial court that claimant is not entitled to weekly compensation for disability is affirmed, but we reverse its denial of any compensation and we enter judgment in favor of claimant, Campbell, and against the defendant, BIC, holding defendant liable under LSA-R.S. 23:1221(4)(p) for weekly compensation for 100 weeks at a rate to be computed by the trial court on remand. Claimant’s allegations against defendant dealing with arbitrarily withheld benefits, medical care, and wrongful discharge are also remanded to the trial court for a merits determination.
Defendant is assessed with costs here and below, including the fees of deposition testimony by Dr. Campbell, which may be taxed by rule. LSA-C.C.P. art. 1920.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED; REMANDED.

. Campbell’s injury occurred before the 1983 amendment of the worker’s compensation statute; references in this opinion are to statutes as they appeared prior to 1983 La.Acts 1st Ex.Sess. No. 1.

. Section 1221(2) provides in relevant part:
(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
LSA-R.S. 23:1221(2).

.Section 1221(3) provides in relevant part:
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages ... and not beyond a maximum of four hundred fifty weeks ...
LSA-R.S. 23:1221(3).

. Section 1221(4)(p) provides in relevant part:
(4) In the following cases, the compensation shall be as follows:
[[Image here]]
(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently in-paired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks.
LSA-R.S. 23:122 l(4)(p).