On January 28, 1944, the plaintiff Clark was employed as a mechanic by G.N. Gonzales, who operated an automobile repair shop in Baton Rouge under the name of the Gonzales Body and Fender Works. The plaintiff was seriously injured between 5:30 and 6:00 o'clock in the afternoon of that day while riding a motorcycle on his way from the repair shop to get a lunch or supper. His motorcycle was *Page 465 
struck by a car driven by a third person, resulting in injuries to plaintiff which rendered him totally and permanently disabled. Plaintiff brought this suit against his employer and the Employers Liability Assurance Corporation, Limited, the insurance carrier, for compensation, at the maximum rate of $20 per week for a period not exceeding 400 weeks, plus medical expenses of $250.
The defendants filed exceptions of no cause and no right of action, which exceptions were referred to the merits by the trial judge. The defendants then filed answer, with full reservation of all rights under their exceptions, and put at issue the only serious questions in the case; viz, whether or not plaintiff at the time of the accident and injury was in the course of his employment with Gonzales, and whether or not the accident and injury arose out of his employment and was incidental thereto. The trial judge, after hearing testimony in the case, rendered a judgment in favor of plaintiff as prayed for. The defendants have appealed.
No action was taken by the trial judge on the exceptions of no cause and no right of action, and the defendants re-urge these exceptions in this court.
 Exceptions of No Cause and No Right of Action.
These exceptions are based on the ground that the petition alleges facts which show that at the time of plaintiff's injury he was not acting within the scope of his employment. The plaintiff alleges that he was injured while proceeding from his place of work to his home on a motorcycle owned by his employer, and that under the terms of his employment, he was compelled to work over time and late at night; that under the terms of his employment and while so working on his employer's time, the employees of Gonzales, including plaintiff, went to their homes and to a nearby restaurant for refreshments; that no regular time was allotted to the employees in which to get their meals, but under the terms of their employment, the employees got their meals whenever there was a slack moment around meal time; that while plaintiff was going to get his meal, he was under the supervision and control of his employer.
[1] On the trial of the case and while a witness for plaintiff was being interrogated, counsel for plaintiff asked permission to amend the petition so as to show that plaintiff was injured while proceeding to a nearby cafe to get a sandwich on a motorcycle owned by Gonzales. Over objection of counsel for defendants, the trial judge permitted the amendment, with the right of defendants to ask for a continuance of the case if they were taken by surprise. The case was continued on request of defendants' counsel and resumed at a later date. Under the circumstances, we believe the trial judge was correct in allowing this amendment as the defendants suffered no injury by reason thereof, and the Compensation Law, Act No. 20 of 1914, as amended, contemplates liberality in pleading and procedure in cases of this kind in order to get the real facts at issue in the case. Therefore, in considering the exceptions, we will consider the facts set out in the petition as amended, and accept these facts as true for the purposes of the exceptions.
The facts as thus presented by the petition, as amended, are substantially borne out by the evidence produced on the trial of the case, and what is said hereafter in passing on the merits of the case will likewise apply on the exceptions. Therefore, these exceptions are now overruled.
 On the Merits.
The evidence shows that plaintiff had been working for Gonzales for several months under an arrangement by which he and the other employees kept their own time. They were paid overtime and had considerable freedom of action. It was customary for the employees, with the approval and consent of Gonzales and his foreman, to go to a nearby cafe and get coffee and other refreshments during working hours. The employees were not docked for the time consumed in getting these refreshments if the employee was not gone more than 25 or 30 minutes. On the day of the accident, the plaintiff left the repair shop about 5:30 in the afternoon and told the foreman that he was *Page 466 
going to get something to eat and would come back and continue his work on a car on which he had been working for some two or three days. Plaintiff left his tools scattered around the car as he intended to return and resume his work as soon as he got something to eat.
There is some doubt from the evidence as to whether plaintiff was going home to get his supper or was going to the cafe for a lunch. He testified that he intended to go to the cafe and if it was crowded, he would go on home and get his supper and return to his work. He testified further that whether he had gone to the cafe or to his home he would not have been gone over thirty minutes. The accident happened two or three blocks from the shop. Plaintiff was going toward the cafe which was also the route he would travel going home. The accident happened about halfway between the shop and the cafe, the cafe being about half the distance to plaintiff's home.
By the arrangement under which plaintiff was working, he would have included in his period of work the time he spent in getting his lunch whether he went to the cafe or to his home if he was not gone over thirty minutes. The defendant does not admit that plaintiff would have had the right to include the time in his work day which it took plaintiff to get his supper, as Gonzales claims that these periods in which the employees got refreshments from the cafe and for which they were not docked on their time only included 15 or 20 minute periods in midforenoon and midafternoon. However, we believe from the testimony of the foreman, as well as the testimony of the other witnesses and the custom prevailing in the shop, that plaintiff would have had a right to include the time spent in getting his lunch had he not met with the accident and had returned to work as he stated was his intention.
[2] The law on the point involved in this case is clearly and succinctly stated by the Supreme Court in the case of Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19, 21, as follows:
"Now an accident occurs in the course of an employment when it takes place during the time of such employment; just as a happening occurs in the course of any given day when it takes place during that day. Hence the provision that the accident, to entitle the employee to compensation, must occur in the course of his employment, means nothing more than that it must have taken place during the hours of employment and not at any other time".
[3] Applying this principle of law to the facts in the present case, it is clear that the injury which plaintiff suffered occurred during the period of his employment, that is to say, during a time for which he would have been paid by his employer. As we have already stated, the facts show that if plaintiff had not been injured, he would have returned to his job immediately after getting his meal, and under the terms of his employment, he would have included the time spent by him in getting his meal in his work hours for that day.
[4] The most serious question, however, is whether or not under these circumstances, the accident resulting in plaintiff's injury arose out of and was incidental to his employment. On this point, we quote again from the case of Kern v. Southport Mill, Ltd., supra, as follows:
"In determining, therefore, whether an accident 'arose out of' the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
[5] When he left the repair shop with his work unfinished in order to get a meal necessary for carrying on his work up into the night, plaintiff was doing something in furtherance of his job and his employer's business. Under the arrangement which he had with his employer, he had a right to temporarily lay aside his working tools and repair and obtain a meal for his physical sustenance in order that he might continue his work on his return with the better results for his employer. He was, therefore, at a place and on a mission at the time of the accident where he might reasonably be expected *Page 467 
to be in the course of the proper performance of the duty which he owed to his employer.
[6] Counsel for plaintiff have strenuously argued in this court that the employer is liable to the plaintiff for the additional reason that he furnished plaintiff means of transportation to and from his work. It appears from the evidence that Gonzales did permit plaintiff to use an automobile which was kept in the shop for going to and returning from his home for several weeks. And, after this automobile ceased to be used, Gonzales entered into an agreement with plaintiff whereby he was permitted to use the motorcycle on which he was riding at the time of the injury and under which agreement plaintiff was to purchase the motorcycle for $150 (the amount it cost Gonzales), and on which plaintiff had made payments and was to pay the balance out of his overtime. We do not feel that the circumstances justify the conclusion that the employer furnished transportation to the plaintiff to and from his work in such a way as to bring him under the general rule holding an employer liable to an employee who is injured while traveling to and from work where the employer furnishes the transportation. Our opinion will therefore be based on the reasons hereinabove given.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby affirmed at the cost of defendants in both courts.