TATE, Judge.
George Brooks, injured employee, appeals from judgment after trial dismissing his suit in compensation against his employer and its insurer.
The uncontradicted facts show that Brooks was injured on' February 14, 1954, while returning from lunch at his home during his regular half-hour (12:00-12:30) lunchtime, which half-hour was not included in the working-time for which wages were paid. Brooks was injured by an oncoming car approximately %th mile from his employer’s premises. At the time of the accident Brooks was driving his own truck and was not performing any errand for his employer.
The sole question for our determination is whether Brooks’ accidental injury is compensable as “arising out of and in the course of his employment,” LSA-R.S. 23:1031.
As Professor Wex S. Malone states in his authoritative work, Louisiana Workmen’s Compensation Law and Practice, page 182 (footnotes omitted):
“Ordinarily, an employee who leaves his employer’s premises and takes his noon hour meal at home or some other place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns. In the absence of a further showing it is assumed that the nature of his employment has not affected his personal eating practices, *463 and the mere fact that he expects to return to his job at the end of the lunch hour is' not enough to warrant the inclusion of this period within the course of his employment. At. the other extreme is the case of the employee who is obliged to lunch at his post of duty during stand-by periods. The observations of the preceding section are applicable here to show that an accident at such time falls within the course of the employment.
“Between these extremes there is room for infinite variation. Where the employee is ordered to eat on the premises, or where the location of the place of work is such as to require this, it is generally held that an accident which occurs during the meal hour is within the course of the employment. The justification for this conclusion is the fact that the conditions of work have affected the normal eating habits of the employee and have forced him to make adjustments in this respect for his employer’s benefit.”
Cited in support of these conclusions are Lebourgeois v. Lyon Lumber Company, 1 Cir., 6 La.App. 216; Gasca v. Texas Pipe Line Company, 2 La.App. 483. See also Vignaul v. Howze, La.App. 1 Cir., 150 So. 58.
Professor Malone continues: “Similar reasoning supports recovery in some instances where the worker does not eat on the. premises.” The sole Louisiana case •cited is Clark v. Employer’s Liability Assurance Corporation, La.App. 1 Cir., 27 So.2d 464, upon which plaintiff herein relies.
In the Clark case, the employee was struck 2-3 blocks away from the premises by a car while en route on his motorcycle to eat supper, intending to return to work immediately thereafter to complete a repair job. Clark recovered compensation based essentially on the fact that the employee’s irregular eating habits were dictated by the nature of his work for his employer which required that the employee eat whenever the opportunity arose and return promptly to work, and also that he drew pay'during his eating time.
The basic reason for the Clark decision, and for similar liberal decisions in other states such as Bollard v. Engle, 278 N.Y. 463, 17 N.E.2d 130, where the employee recovered when injured while returning from eating after he was instructed to rush out,. eat quickly, and hurry back because of the pressure of work, is that the lunch or supper is undertaken under special circumstances to suit the employer’s (rather than the employee’s) convenience. Thus, the employee is subjected to an extra hazard to which he would not be subjected, except for his status as employee.
Counsel for plaintiff-appellant skillfully argues that due to exceptional circumstances the off-premises accident causing the injuries complained of arose out of and in the course of employment. He argues that- at the time of .the accidental injury the employee was,, in effect, at a place and on a mission incidental to proper performance of the duties of his employment, since (the employer not providing hot meals on the premises, and the employee unable to, eat a cold lunch due to a digestive condition) he was forced to obtain a meal either at a crowded cafe, which was closed on February 14th (Sunday, a holiday) or else at home. He argues that his journey home and return was with the knowledge, consent, and approval of his foreman, arid that having been late by a few minutes he would-not have been docked or lost 'wages. He further argues that it was the custom of his-employment to take a lunch hour at a later than the usual time if the' particular job upon which engaged could not be left.
Counsel for appellant correctly urges that in these marginal situations where employees are injured off the premises and engaged in activities only incidentally connected with their employment, determination of whether the injuries are compensable as arising out of and in the course of the employment depends on all the facts and circumstances indicating to what degree the injured employee was subjected to the hazard causing the < injury by his *464 status as employee and to what degree the injured employee’s activities at that time were at the direction of or in the interest of his employer; Harvey v. Caddo De Soto Cotton Oil Company, Inc., 199 La. 720, 6 So.2d 747, Kern v. Southport Mill, 174 La. 432, 141 So. 19. For instance, even though Brooks was not drawing wages in the half-hour during which he was injured off the premises, that is not necessarily conclusive that he was injured out of the course of his employment, see “threshold” injury cases .allowing compensation, suda as Osborne v. McWilliams Drilling Company, Inc., 189 La. 670, 180 So. 481, Attaway v. Fidelity & Casualty Company, La.App., 39 So.2d 632, LeBlanc v. Ohio Oil Company, 7 La.App. 721.
Flowever, we believe the situation before us is much closer to that in Wetzel v. Britton, 83 U.S.App.D.C. 327, 170 F.2d 285, where a stenographer struck by a taxi cab in front of her employer’s office building en route during her regular lunch hour to a cafeteria in the vicinity, was denied recovery on the ground that the accident did not arise out of and during the course of her employment.
In the present instance, Brooks was injured away from the premises during the regular time assigned to him for a lunch, during which time he was free to eat at the plant, or wherever he wished including his home, and during which time he received no pay from his employer. To hold that he was in the course of his employment because he was required to eat to maintain his physical strength to perform his duties, logically might also require us to allow recovery to an employee en route home to sleep to maintain his physical strength to perform his duties. As counsel for plaintiff-appellant urges, Brooks may have been technically on call for his employer 24 hours a day.[1] But we are not called upon here to decide on injuries arising from a situation where an employee responding to special call of his employer was subjected to non-usual hazards. Our situation here is only to decide whether an injured employee, proceeding on his own time to and from his own home during his regular lunch hour, is injured in the course of his employment and arising there out of. We believe the District Court correctly decided this in the negative.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff’s suit is affirmed, except that it is amended so that plaintiff is assessed neither with the costs of the original proceedings, nor of this appeal, since said suit was filed in forma pauperis.
Affirmed.

. The evidence actually indicates that although, as electrician, he was subject to call should breakdowns occur, he was not required to let his employer know his whereabouts on off duty hours, nor bad he been specially called more than 4 times in the nine months preceding the accident, and had not been specially called at all for approximately 5 months before the accident.