242 So.2d 288 (1970)
Richard D. SMITH
v.
ORLEANS MANAGEMENT CORPORATION and the Phoenix of Hartford Insurance Co.
No. 4186.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1970.
Rehearing Denied January 11, 1971.
James L. Donovan, Porteous, Toledano, Hainkel & Johnson, New Orleans, for Richard D. Smith.
John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Orleans Management Corp., and the Phoenix of Hartford Insurance Co.
Before CHASEZ, LEMMON and TAYLOR, JJ.
CHASEZ, Judge.
This appeal is from a judgment maintaining exceptions of no cause or right of action and granting a summary judgment which dismissed plaintiff's workman's compensation claim. Defendants answered plaintiff's appeal and are asking this court to review the denial of an exception of prescription *289 filed by them, founded on the allegation that suit was brought more than one year after the injury occurred.
Because our conclusion is that the summary judgment was properly granted, discussion of the issues of no cause or right of action and of prescription is not required.
The facts are generally not in dispute. Plaintiff was a general laborer for the Orleans Management Corporation earning a salary of $75.00 per week. On the date of the accident plaintiff was on his thirty minute lunch break and had left his employer's premises in order to eat lunch at a nearby cafe. While attempting to cross a canal by walking a pipe which crossed the canal he slipped and caused injury to his chin, neck and shoulder.
The defense is basically that the accident did not "arise out of" nor was it "in the scope of" plaintiff's employment.
The principle of workmen's compensationthat those persons who enjoy the product of the business should ultimately bear the costs of injuries that are incidental to the businessmakes sense only if the injury bears some significant relationship to the business operation. However, there is no exact rule by which it may be determined whether or not any given accident in which an employee is injured arose in the course and out of employment but the relationship of the accident to the employment must be determined with reference to the particular facts of each case.
The general rule with regard to lunch hour accidents is provided by Professor Malone in his treatise, Louisiana Workmen's Compensation Law and Practice, sec. 165 at page 182.
"Ordinarily an employee who leaves his employer's premises and takes his noon hour meal at home or at some other place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns. In the absence of a further showing it is assumed that the nature of his employment has not affected his personal eating practices, and the mere fact that he expects to return to his job at the end of the lunch hour is not enough to warrant the inclusion of this period within the course of his employment".
See Brooks v. Cal-Metal Pipe Corporation of Louisiana, La.App., 81 So.2d 462 (1st Cir. 1955).
This general rule, like all others, is not without exceptions. If there are extenuating circumstances, then recovery may be justified where the worker goes off the premises to eat and is injured. An example is the case of Clark v. Employers Liability Assurance Corporation, La.App., 27 So.2d 464 (1st Cir. 1946). In that case the plaintiff was required to work overtime in the evenings as well as during the day. He was allowed to eat on company time if he could do so within 30 minutes. He was injured while going out for his evening meal. The urgent nature of his work required that he eat whenever an opportunity presented itself, and he was expected to return promptly. The opinion relied on the fact that he was permitted to eat on his employer's time, that his eating habits were dictated by the nature of his work, and that his meals were taken under special circumstances to suit the employer's convenience rather than the employee's.
The test for recovery in these marginal cases is "to what degree the injured employee was subjected to the hazard causing the injury by his status as employee and to what degree the injured employee's activities at the time were at the direction of or in the interest of his employer." Harvey v. Caddo De Soto Cotton Oil Company, 199 La. 720, 6 So.2d 747 (1942); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932).
In the present case we find that the hazard which caused plaintiff's injury was *290 not increased by his status as an employee and that his activities were not directed by or in the interest of his employer.
In his deposition plaintiff stated that he left the premises, crossed a street to where the canal was located. He then chose to cross over the pipe rather than walk down "a good country block" to where there was a crossover.
Under the "proximity rule" discussed in Templet v. Intracoastal Truck Line, Inc., La.App., 217 So.2d 725 (4th Cir. 1969), it is conceivable that had plaintiff been injured while crossing the street he might still have been in the scope of his employment. This is especially true since this cafe was the only one in the area, (according to the plaintiff's deposition). However, when he chose the obvious hazard of crossing the pipe rather than walking down to the crossover, he removed himself completely from the scope of his employment.
There is nothing to indicate that plaintiff's lunchtime activities were at the direction of or for the interest of his employer. Unlike the Clark case, there was no urgency that required his immediate return. He was on no mission for the employer. The fact that he was paid weekly rather than by the hour does not prove that he was being paid during his lunch period. The plaintiff did not have the type of unfixed lunch period as that in Clark and although plaintiff's lunch period was not fixed exactly, it was not for the benefit of his employer.
This court is mindful that no summary judgment should stand unless there is clearly no showing of a material fact issue. However, plaintiff cannot defeat the motion on argument alone or on a showing of hope that something might possibly occur in plaintiff's favor at trial. In the instant case plaintiff filed no counter affidavits, depositions, exhibits or evidence of any kind to raise a material issue in opposition to the motion for summary judgment. Based on the pleadings filed along with plaintiff's deposition, we find that there is no genuine issue of material fact and it remains only for the law to be applied by the court. We conclude that the trial court's granting of the summary judgment in the present circumstances was entirely proper.
For the foregoing reasons the summary judgment in favor of defendants Orleans Management Corporation and The Phoenix of Hartford Insurance Company and against plaintiff, Richard D. Smith, dismissing his suit is affirmed, all costs assessed to plaintiff-appellant.
Affirmed.
LEMMON, Judge (dissenting).
It is my opinion that defendants' motion for summary judgment should have been denied.
Although plaintiff did not file affidavits or depositions to oppose defendants' motion, this only indicates that he does not dispute any of the facts offered in support of the motion. LSA-C.C.P. 966-967.
Mover's burden is to establish all of the material facts which are necessary for a court to hold that, as a matter of law, mover is entitled to a summary judgment. Dupre v. Rochester Ropes, Inc., 216 So.2d 589 (La.App.1969). In this case movers stand or fall on plaintiff's deposition, which, being limited in nature,[1] does not include all of the material facts necessary to indicate that plaintiff does not come within the factual circumstances in the "proximity doctrine" cases and "lunch hour" cases in which compensation has been awarded. The holding in these cases, none of which were decided by summary judgment, have turned on the particular and varied facts of each case. A review of these decisions, in the light of the facts established in the present case, raises implicit issues of material fact which have not yet been established.
*291 Plaintiff is not required to present his case via affidavits and depositions. On the contrary, he is entitled to put on his proof at a trial on the merits, and the unlikelihood of his success or the difficulties of his proof are not sufficient bases to grant a motion for summary judgment.
The legal determination of "course of employment" involves myriad facts. I am convinced that the undisputed facts relied upon by defendants do not entitle them, as a matter of law, to a summary judgment. I therefore dissent.
NOTES
[1] The subject matter of the deposition related primarily to an exception of prescription, which was overruled in a previous hearing.