247 So.2d 921 (1971)
Lawrence LAVIER
v.
J. Stewart MACLELLAN, Jr., et al.
No. 4407.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1971.
*922 Edwin A. Stoutz, Jr., John J. Cummings, III, Robert G. Heller, Sidney F. Rothschild, and Gerald Zackin, New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Edward P. Lobman, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and STOULIG, JJ.
SAMUEL, Judge.
This is a suit in tort for personal injuries allegedly sustained when plaintiff was struck in his right eye by a golf ball. At the time of the accident he was near a tee on a golf course located in the New Orleans City Park. New Orleans City Park Improvement Association (hereinafter referred to as the Association) and the Association's liability insurer, U. S. Fidelity & Guaranty Company (hereinafter referred to as Fidelity), were two of the four defendants named in the petition. Tri State Insurance Company filed a petition of intervention alleging that as workmen's compensation insurer of the Association, plaintiff's employer at the time he sustained the injury, it had paid plaintiff compensation and medical benefits for which past (and future) payments it sought recovery out of any award to plaintiff in this suit.
After answering, the Association and Fidelity filed a motion for summary judgment seeking dismissal of the demand against them on the ground plaintiff had been injured during the course and scope of his employment by the Association as a greens keeper and utility laborer; accordingly, his exclusive remedy against the Association was in workmen's compensation; and, as to Fidelity, the policy issued by that insurer to the Association specifically excluded all claims in compensation.
After trial of the motion a summary judgment was rendered in favor of the Association and Fidelity, dismissing plaintiff's suit as to them. Plaintiff has appealed.
Relative to the motion for summary judgment the record, specifically the pleadings, a true copy of the insurance policy issued by Fidelity to the Association and the deposition of Mr. Ellis P. Laborde, general manager of the New Orleans City Park, reveals the following facts:
The New Orleans City Park, including its several golf courses, is operated by the defendant Association and at the time of the injury in suit plaintiff was employed by the Association as a utility laborer and greens keeper. The accident occurred during plaintiff's lunch hour while he was sitting on a bench near the number two tee on one of the golf courses. Plaintiff was required to punch a time clock when he got off for the lunch period and when he returned thereafter. He received no pay for that hour. The "Comprehensive General-Automobile Liability" policy issued by Fidelity to the Association was effective at the time of the accident and it specifically excludes coverage of any obligation for which the Association may be held liable under the workmen's compensation law.
LSA-C.C.P. Art. 966 provides that a summary judgment shall be rendered if the evidence presented shows there is no genuine issue as to material fact and that the mover therefore is entitled to judgment as a matter of law. However, a summary *923 judgment is not a substitute for a trial on the merits; the burden of showing there is no genuine issue of material fact and that the mover is entitled to a judgment as a matter of law is heavily upon the mover and all doubt should be resolved against him; and if there remains any doubt as to whether there is a genuine issue as to material fact, or whether the mover is entitled to a judgment as a matter of law, a trial on the merits is to be preferred. Snipes v. Southern Baptist Hospital, La.App., 243 So.2d 298; Dupre v. Rochester Ropes, Inc., La.App., 216 So.2d 589; Roy & Roy v. Riddle, La.App., 187 So.2d 492; Smooth v. Ethyl Corporation, La.App., 179 So.2d 650; Darr v. Kinchen, La.App., 176 So.2d 638.
In the instant case the facts above set forth are the only ones shown by the record and they are not in dispute. The issue thus presented is whether the appellees are entitled to a summary judgment solely on the basis of those facts.
It is quite clear that where an employee is entitled to compensation on account of personal injury under our workmen's compensation statute such compensation is his sole and only right or remedy against his employer.[1] Under that statute (LSA-R.S. 23:1031) an employee is entitled to compensation for personal injury by accident only when the accident is one "arising out of and in the course of his employment". Here the primary question is whether the accident occurred "in the course of" plaintiff's employment.
The basic leading case on the subject of "arising out of and in the course of" the employment is Kern v. Southport Mill, 174 La. 432, 141 So. 19. The major part of the opinion in Kern is devoted to the problem involved in determining whether an accident is one "arising out of" the employment. On the other question Kern simply holds that an accident occurs "in the course of" the employment when it takes place during the time of such employment. In most cases this test is sufficient to make a proper determination. But the problem can become more difficult when the accident takes place during the lunch period.
The demand of working conditions and requirements upon the eating practices of employees, determinative of whether an accident occurring during a lunch period was one "in the course of" the employment, obviously depends upon the facts of each case. Generally, where the requirements of the work affect the eating habits of the employee to the extent that he must make adjustments in those habits for his employer's benefit the lunch period may be considered within the course of the employment.[2]
In the instant case no showing has been made that the plaintiff was required, by order or otherwise, to eat on the premises; nor, as we have pointed out, have any facts been presented other than those set forth above. The showing that the plaintiff was injured during his lunch hour, for which hour he was not paid, even though while on his employer's premises, a public park, clearly is insufficient to justify a conclusion that the accident in suit was one covered by the compensation statute. On the factual showing made, the appellees, movers for summary judgment, are not entitled to such a judgment as a matter of law.
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the trial *924 court for further proceedings in accordance with law; defendants-appellees to pay costs in this court; future costs to await a final determination.
Annulled, set aside and remanded.
NOTES
[1] LSA-R.S. 23:1032 provides, inter alia: "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations." Goodwin v. United States Rubber Company, La.App., 186 So.2d 356.
[2] See Malone La. Work Comp. § 165.