BEER, Judge,
dissenting.
Lyon testified that it was her job to open the bakery at 6:15 a. m. On August 30, 1977, she came to work by taxicab, arriving at approximately 5:45 a. m. The taxi parked adjacent to a concrete paved area which extends from the street itself to the front of the bakery. It had been raining and there was water in what might be described as the gutter which was, in fact, nothing more than the edge of the street adjacent to the concrete area above described. After slamming the cab door, Lyon turned toward the building, took a step and fell.
Mr. Fortunato, the cab driver, testified that he pulled up to the “curb” above described, that Lyon got out, took a step or two and fell.
Thus, it is essentially uncontested that she fell on the concrete which extends from the front of the bakery to the street.
Subsequent to the incident above described but prior to the trial, the cemented area in question was structurally altered. There were no pictures introduced to show the physical characteristics of the site at the time of Lyon’s fall.
Hilda Stubbs, a saleslady at the bakery, testified that at the time of the accident there was a slightly sloped cemented area which extended from the side of the street to the bakery front which was often used for parking. She added that cars sometimes parked on this area with the fronts of the cars so close to the front of the bakery that a passing pedestrian could hardly walk between the parked cars and the front of the bakery.
The lease between Entringer and the owner of the property was introduced into evidence but shed little light on the status of the concrete slab on which the fall occurred.
In written reasons, the trial judge determined that the bakery had “assumed control” over the paved area upon which the fall had taken place, holding that the area “was, in a word, utilized for the purpose of the employer.” He concluded that, “Under the foregoing circumstances this area became a part of the premises for compensation purposes.”
Serean v. Kaiser Aluminum & Chemical Corporation, 277 So.2d 732 (La.App. 4th Cir. 1973), and Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir. 1976), support a judgment in favor of Lyon if the concrete slab on which she fell is, indeed, the bakery’s parking lot or specifically designated parking area. However, appellant vigorously contends that the facts of this case do not meet the requirements of the rule which extends coverage to “off-premises” injuries.
Lyon’s own testimony is clear on the locale of the incident:
“We parked parallel with the sidewalk and I opened the back door and put my *1336 right foot on the sidewalk and closed the door, then I turned around and put my left foot and when I swung around I just went down like a spiral and landed. This foot (indicating) was underneath me in a sitting position.”
Her several references to “sidewalk” are obviously to the concrete slab area that extends from the edge of the street to the front of the bakery, and, thus, the ultimate question is whether or not that concrete covered area can fairly be described as “premises” within the applicability of the compensation act.
The record leaves little doubt that the slab area was used for parking by those whose needs brought them to the neighborhood shopping section in which McKenzie’s Bakery was located, but there is no affirmative showing to indicate that this was a parking area reserved — in any way — for McKenzie’s customers or employees or, for that matter, any other individual. Nor is there any affirmative showing of control of the area by McKenzie’s Bakery.
Upon finding that the slab area in question “was the sole approach for entrance into the store and plaintiff used this commonly travelled way in order to reach the building wherein she was employed,” the trial judge concluded that the premises rule applied.
I disagree. That legal conclusion would require us to hold that any roadway being travelled by an employee which led directly to the employer’s premises is “a commonly travelled way ... to reach the building wherein (that individual) was employed.
I believe that the trial court manifestly erred in this legal determination and compounded the error by placing the burden upon the bakery to exculpate itself from an unsupportable presumption that proximity is the same as premises.
Finally, I am obliged to strongly disagree with the majority opinion which states that “[t]his accident occurred in an area which was principally used for parking by McKenzie’s customers and employees” and which concludes “that over a period of time the area where plaintiff fell had become generally regarded as part of the entire area devoted by the employer to the business and was so identified with the business premises as to constitute a part thereof, irrespective of whether the employer owned or leased the particular area.”
I find no such facts nor reach such conclusion from my consideration of the record. Accordingly, I respectfully dissent.