CHEHARDY, Judge.
Plaintiff, Henry Wilson, appeals from a trial court decision granting the motion for summary judgment of defendant, Evans Cooperage Company, Inc., and dismissing the plaintiff’s suit for workmen’s compensation benefits. The judgment further ordered the parties each to pay their own costs.
On April 25, 1978, at approximately 1:03 p. m., Wilson, an employee of Evans Cooperage, was struck by a truck on Peters Road as he was returning to work from his lunch hour.
The police report, one of the exhibits before the trial court, indicated that Wilson was walking north on the shoulder of the 1500 block of Peters Road when he suddenly turned left into the street and the oncoming vehicle.
Plaintiff’s affidavit alleged that his supervisors asked him to do various tasks during his lunch hour, that he had to leave the premises in order to eat his lunch, and that the only means of leaving the premises was by way of walking alongside or crossing Peters Road.
*73 He further averred that Peters Road has no sidewalks or pedestrian safeguards and that the general public does not walk alongside of Peters Road, which is frequented by heavy industrial traffic. Wilson also stated the accident occurred in the immediate vicinity and adjacent to Evans Cooperage and its plant facilities located on Peters Road.
Robert G. Evans, president of Evans Cooperage, also filed a sworn affidavit with the trial court stating that the lunch period for employees of Wilson’s job classification normally extends from 12 noon to 1 p. m., that employees are required to punch out and in on the time clock during their lunch periods, and that employees are not compensated for their lunch periods.
Evans further said that during lunch period Evans Cooperage does not supervise, control or limit an employee’s actions or activities, does not provide food for the employees, and does not require the employees to eat on the business premises.
Plaintiff now argues, on appeal, that the trial court erred in granting a motion for summary judgment, contending that Wilson was in the course and scope of his employment at the time of the accident and that the accident arose out of his employment.
The plaintiff cites the case of Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932), as holding that the accident must only “arise out of” the employment (which the court defined as meaning that the accident must be the result of some risk to which the employee is subjected in the course of his employment) and to which he would not have been subjected had he not been so employed.
However, the court in Kern, supra, also said 141 So. at page 21 that, additionally, the employee’s accident must be shown to have “occurred in the course of his employment” meaning “nothing more than that it must have taken place during the hours of employment and not at any other time.” The court added that this must be determined by time, place and circumstances. In Kern, supra, the plaintiff satisfied the court test for employer liability in workmen’s compensation because he was directed by his employer to do some outside work and then return to the regular employment premises. It was on this return that he stepped from a streetcar into the path of an automobile and was struck down. That case, however, is distinguishable on the facts from the instant one, because in Kern, supra, the plaintiff, who was paid a weekly rather than an hourly wage, was not on his lunch hour and was in the course of his employment.
Plaintiff further cites the case of Clark v. Employers Liability Assur. Corp., 27 So.2d 464 (La. App. 1st Cir. 1946), as having allowed recovery by an employee who was on his lunch hour and as holding that, due to the particular facts of the case, the plaintiff was in the course and scope of his employment at the time of his injury and that the accident arose out of his employment.
Once again, however, we find the facts of Clark, supra, distinguishable from those in the present case, because the court found in Clark that although the employee was on his way to lunch when the accident occurred, he would have had the right to include the time spent getting lunch in his work day. The court reasoned, therefore, that since the accident happened during a time for which he would have been paid by his employer, the accident “arose out of” the employment. Moreover, the plaintiff’s eating habits, in that case, were dictated by the nature of his work, and his meals were taken under special circumstances to suit the employer’s convenience rather than the employee’s.
In the present case, however, the record reflects (from the plaintiff’s own testimony, a copy of his time card, and the affidavit of his employer) that plaintiff would not have been paid for the time spent on his lunch hour during which period the accident occurred, that he had a regular daily time for lunch, and that he was not under the supervision and control of his employer during his lunch period.
Wilson also contends that the courts have held compensation coverage for a reasonable time span during which the employee is *74 going to or coming from lunch, citing Huett v. Insurance Company of North America, 329 So.2d 222 (La. App. 4th Cir. 1976), while averring the applicability of the reasonable exit and entry theory. However, in explaining that theory this court said at pages 224-226:
“As argued by plaintiff and pointed out by Professor Malone in Louisiana Workmen’s Compensation Law and Practice, §§ 169, 193, 194, coverage is extended within a reasonable interval before and after working hours when the injury occurs on the employer’s premises. Section 169 states:
‘The observation has been made in previous sections that an employee is engaged in the course of his employment while he is actually engaged in his employer’s work even before or after working hours. Furthermore, even if he has finished the day’s work and is preparing to leave, or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances.
* Sjc ifc * * Sfc
‘The extension of compensation protection to periods prior to and after working hours under the circumstances described above does not reach beyond the premises of the employer. It should be borne in mind that as a general rule an accident that occurs while the employee is going to or returning from work is outside the course of employment, and we are faced with the arbitrary proposition that an employee who is injured while proceeding directly from his work may have compensation if the accident occurred at a place one foot within the employer’s gate, or compensation would be denied if he were injured outside on the public highway. This seemingly arbitrary distinction is entirely justifiable from an administrative viewpoint. Unless the employee is to be protected during the entire journey to and from work, a line must be drawn at some point, and the boundary of the employer’s premises is as definite as any that can be devised.’ ”
Accordingly, although the court in Huett, supra, allowed the plaintiff recovery for an injury she received on her way to lunch, after leaving the store where she worked, the court also specifically found:
“ * * * Huett testified that the place where she fell was near the back entrance to the store, close to the corner of the building, and on Puglia’s property. The fact that plaintiff fell on the employer’s premises was uncontradicted and, therefore, must be accepted as true. See Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967).” 329 So.2d at 225.
The court in Huett, supra, also distinguished circumstances of that case from those of Brooks v. Cal-Metal Pipe Corporation of Louisiana, 81 So.2d 462 (La. App. 1st Cir. 1955) (which denied a plaintiff recovery for a lunch-hour accident which happened three-quarters of a mile from the employer’s premises), and Smith v. Orleans Management Corporation, 242 So.2d 288 (La. App. 4th Cir. 1970) (wherein the court denied coverage to an employee who was injured while attempting to cross a canal on his way to a nearby cafe to have lunch).
We find, moreover, the facts of Chancellor v. Schwegmann Bros. Giant Super Markets, Inc., 363 So.2d 1282 (La. App. 4th Cir. 1978), applicable to the instant case. In Chancellor, supra, although the plaintiff was not on her lunch hour, she had finished work, punched out, and was returning home. While attempting to cross Airline Highway (on which the store where she worked fronted), she was struck by an automobile. In denying the plaintiff coverage, this court said at page 1283:
“Considering the facts in this case we cannot find that the employee faced any unusual, peculiar or greater hazard than *75 the general public encountered. While it may be said that the crossing of a major thoroughfare such as the Airline Highway exposes one to a special risk that an individual would not encounter in crossing a less important and less used thoroughfare, there is no evidence in this case to show that the situs of the accident has any particular dangers not encountered in other portions of the highway or comparable thoroughfares. * * * ”
Nor do we find that plaintiff offered any affidavits, depositions or exhibits sufficient to establish that some material fact is still at issue and to be resolved. Accordingly, we find no error in the trial court’s decision granting a summary judgment in favor of defendant.
For the foregoing reasons the summary judgment in favor of defendant, Evans Cooperage Company, Inc., and against plaintiff, Henry Wilson, dismissing his suit is affirmed; all costs to be paid by plaintiff.

AFFIRMED.