SAVOIE, Judge.
Plaintiffs, Phillip and Estelle Craig, appeal the trial Court’s dismissal of their suit for workmen’s compensation under L.S.A.R.S. 23:1231 against defendants, George R. Fournet, Inc. (Fournet) and State Farm Insurance Company.
Thomas Craig, plaintiffs’ son, was employed from April 28, 1982 until June 30, 1982, as a general laborer by Fournet, a construction company. The principal work-site was located in Marina Beau Chene, a subdivision near Covington, Louisiana. Thomas and two other teenage boys were responsible for keeping the construction sites clean by removing scrap lumber and other debris. The boys worked five days a week from 7:00 A.M. until 3:30 P.M. with a thirty minute unpaid lunch break. They were not required to remain on the work-site during the lunch period, but due to the short lunch period and the lack of nearby restaurants, lunch was generally eaten at or near the site.
On June 30, 1982, the boys ate lunch on the bank of the Tchefuncte River, about a quarter of a mile from the jobsite. After eating, they decided to go swimming. Using a rope hanging from a nearby tree, they swung out over the river and either jumped or dove in. Thomas was the last to enter the water. He immediately encountered some difficulty and drowned before the other boys could rescue him.
ACTION OF THE TRIAL COURT
This suit was brought by plaintiffs as the surviving parents of their son under L.S. A.-R.S. 23:1231. Thomas left no legal dependents but had contributed to the support of his parents. Plaintiffs are seeking $20,000.00 each for the death of their son. After trial, the trial court dismissed their suit, finding that the accident did not arise *762 out of and was not in the course of his employment. Plaintiffs appeal.
ASSIGNMENT OF ERRORS
Plaintiffs allege that the trial court erred in failing to find the decedent had been in the course and scope of his employment at the time of his death.
For an injury to be compensable under workmen’s compensation, it must have occurred within the course and scope of the employment. This dual requirement is explained by Professors Malone and Johnson in 13 Louisiana Civil Law Treatise § 144 (1980) in the following manner:
“The ‘during the course of requirement suggests that the trier look into the place and time the accident occurred and what the worker was doing when he was injured, while the ‘arising out of requirement focuses on the character of the risk that brought on the injury.” Page 282.
Ordinarily, an employee who leaves his employer’s premises and takes his lunch period at some place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns. Absent a further showing, it is assumed that the nature of his employment has not affected his personal eating practices. The mere fact that he expects to return to his job at the end of the lunch period is not enough to warrant the inclusion of this period within the course of his employment. Malone, supra, at § 163. See Smith v. Orleans Management Corporation, 242 So.2d 288 (La.App. 4th Cir., 1970).
The trial court found that the incident occurred off the employer’s premises during an unpaid, non-supervised lunch period. Further, the decedent was not required to remain on the premises during his lunch break. Finally, the trial court could find no work-related function from the swimming. Therefore, the trial court concluded that the accident was not within the course of the employment.
In order to determine whether the injury “arose out of” the employment, we must look at the nature of the risk which brought on the accident. Thomas’ work did not require him to be immediately adjacent to or over the water. The jobsite was located approximately a quarter of a mile from the river. There is no evidence that he had been sent down to the river for any work-related reason. Rather, Thomas simply joined his co-employees to eat lunch in the shade by the river. After eating, they decided to go for a swim. All of this transpired during the lunch period when Thomas was free to do anything he chose. The only restriction was that he be back on the job at the end of the lunch period. The trial court concluded that the accident did not arise out of the employment. We agree.
In addition to the factors enunciated in the trial court’s written reasons for judgment, another factor is often applied in workmen’s compensation cases. This factor is whether the employee faced any unusual, peculiar or greater hazard than the general public encountered. Wilson v. Evans Cooperage Company, Inc., 387 So.2d 72 (La.App. 4th Cir.1980).
We cannot say that Thomas faced any greater hazard as a result of his employment than the general public faced. The accident was a tragedy, but it did not occur within the course and scope of his employment.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against plaintiffs.
AFFIRMED.